Pound vs. The Supervisors of Chippewa County and others.

Cities: *Special assessments; charter must be strictly complied with.*

The charter of a city provides that "whenever the common council shall determine to make any public improvement, as authorized by this chapter, they shall cause to be made an estimate of the whole expense thereof, and of the amount thereof to be charged to each lot and parcel of land, and, in case of grading, of the number of cubic yards to be filled in or excavated in front of each lot; . . . . and such estimate shall be filed in the office of the city clerk, for the inspection of the parties interested, before such work shall be ordered to be done." *Held*, that where the council ordered a street to be graded in front of a lot, without any estimate whatever having been made or filed as the charter requires, it had no jurisdiction to make the improvement at the expense of the lot-owner; and the lot having been sold for nonpayment of a pretended special assessment for such improvement, the certificate of sale will be canceled, and the issue of a deed thereon restrained.

APPEAL from the Circuit Court for *Chippewa* County.

Action, brought in 1876, against the board of supervisors of Chippewa county, the county clerk, and the city of Chippewa Falls.

The common council of the defendant city ordered a street therein to be graded in front of a lot of the plaintiff; and the city clerk, without the order of the council, inserted in the next tax roll of the city a certain sum as a charge upon the lot for the cost of such grading. The assessment not having been paid, it was returned delinquent by the city treasurer, and the lot was sold by the county treasurer for nonpayment thereof, to the county of Chippewa. The certificate of sale issued to the county was afterwards assigned and transferred to the defendant city. By its terms a deed was due thereon May 12, 1877. This action was for the cancellation of such certificate of sale, to enjoin the issuing of a deed upon it, and to have the alleged assessment adjudged void. The complaint states the foregoing facts, and alleges (among other things) that "no estimate was made of the expense of such improvement and grading of said street, or the amount to be assessed and charged against plaintiff's said lot, or the number of cubic yards to be filled in or excavated in front thereof, prior to the time said grading was ordered to be done; nor was any such estimate filed with or in the office of the city clerk prior to the time said grading was ordered to be done, or at any other time."

Defendants demurred to the complaint as not stating a cause of action; and from an order sustaining the demurrer, plaintiff appealed.

For the appellant, a brief was filed by *P. H. Foster*, with *C. J. Wiltse*, of counsel, and the cause was argued orally by *W. F. Bailey*. They contended that greater strictness is required in the proceedings for a local assessment, than in a general tax; that the power is wholly statutory, and must be clearly conferred, and strictly pursued; that the mode pre-

scribed by statute for making the assessment constitutes the power; that jurisdictional defects are never waived, and cannot be cured by any provision of the statute declaring the proceedings valid notwithstanding such defects; and that jurisdiction should affirmatively appear in the proceedings. In support of these points, and to show that the proceedings in this case were void for failure to file estimates before the work was ordered, they cited Blackw. T. T., 34, 43, 44, 49, 213, 214, 445, 446, 449; Dillon on M. C., 108, 454, 576, 580, 587, 606; *Crane v. Janesville*, 20 Wis., 305; *Knox v. Peterson*, 21 id., 249; *Bohlman v. R. R. Co.*, 40 id., 157; *Fladland v. Delaplaine*, 19 id., 459; *Foster v. Hammond*, 37 id., 185; *Rape v. Heaton*, 9 id., 328; *Falkner v. Guild*, 10 id., 563; *Pollard v. Wegener*, 13 id., 569; *Peck v. School Dist.*, 21 id., 523; *Blodgett v. Hitt*, 29 id., 169; *Myrick v. La Crosse*, 17 id., 443; *Kneeland v. Milwaukee*, 18 id., 411; *Welles v. Burnham*, 20 id., 119; *Kneeland v. Furlong*, id., 437; *Massing v. Ames*, 37 id., 645; *Himmelman v. Danos*, 35 Cal., 441; id., 699; 20 id., 102; *Welker v. Potter*, 18 Ohio, 85; *Shimmin v. Inman*, 26 Me., 228; *Smith v. Badfish*, 27 id., 289; *Brown v. Veafie*, 25 id., 359; *Keene v. Houghton*, 19 id., 368; *Cushing v. Longfellow*, 26 id., 306; *Hobbs v. Clements*, 32 id., 67; *Matthews v. Light*, id., 305; 2 Wait's Dig., 927; 4 id., 513; 3 Clinton's Dig., 1887; *Ireland v. Rochester*, 5 Barb., 414; *Germond v. People*, 1 Hill, 343.

For the respondent, a brief was filed by *Wm. P. Swift* and *Wm. R. Hoyt*, with *Wheeler & Marshall*, of counsel, and there was oral argument by *N. W. Wheeler*. They contended that a party applying to a court of equity for relief, must show himself in danger of losing a substantial right, without fault on his part, and without any remedy at law; that what plaintiff complained of was a mere *irregularity*, and not that his property was improperly assessed, nor that the contract was not let to the lowest bidder, nor that the work was not well done, nor that for any reason the tax was inequitable; and that,.

as he had witnessed the progress of the improvement in silence, and waited three years before bringing his action, equity will not relieve. *Warden v. Supervisors*, 14 Wis., 618; *Converse v. Ketchum*, 18 id., 202; *Prescott v. Evarts*, 4 id., 314; *Shephard v. Genung*, 5 id., 397; *Stokes v. Knarr*, 11 id., 389; *Kellogg v. Oshkosh*, 14 id., 623; *Bond v. Kenosha*, 17 id., 284; *Miltimore v. Supervisors*, 15 id., 9; *Wright v. Eaton*, 7 id., 595; *Merritt v. Baldwin*, 6 id., 439; *Dean v. Gleason*, 16 id., 1; *Mitchell v. Milwaukee*, 18 id., 92; High on Injunctions, 464, 465.

LYON, J. Many objections are stated in the complaint to the validity of the assessment in question, only one of which it is necessary to notice.

The charter of the city of Chippewa Falls provides that, "whenever the common council shall determine to make any public improvement as authorized by this chapter, they shall cause to be made an estimate of the whole expenses thereof, and of the amount thereof to be assessed and charged to each lot and parcel of land, and, in case of grading, of the number of cubic yards to be filled in or excavated in front of each lot, and the proportion thereof across each street, alley, or public ground aforesaid; and such estimate shall be filed in the office of the city clerk, for the inspection of the parties interested, before such work shall be ordered to be done." Sec. 9, sub-ch. II, ch. 169, Laws of 1873.

It is alleged in the complaint, that no such estimates were made before the grading was ordered to be done, and that none were ever filed in the office of the city clerk.

This provision of the charter is identical with one contained in the charter of the city of Madison. P. & L. Laws of 1868, ch. 500, sub-ch. VI, sec. 11. In *Massing v. Ames*, 37 Wis., 645, the provision in the charter of Madison was under consideration, and, on the authority of several cases in this court there cited, it was held that a compliance with the require-

ments of the charter in that behalf is essential to give the common council jurisdiction to make the improvement at the expense of the lot owners. That was an action to restrain the sale of plaintiff's lots for an unpaid assessment thereon for the cost of a sewer; and, because the estimates required by the charter were not made and filed before the sewer was ordered to be constructed, the assessment was held void, and a sale of the plaintiff's lots enjoined.

The judgment is decisive of this case. The complaint alleges an entire non-compliance with the requirements of the charter in respect to the making and filing of estimates. Hence, it states facts which entitle the plaintiff to the relief demanded. In other words, the complaint states a cause of action, and the demurrer thereto should have been overruled.

*By the Court.* — The order sustaining the demurrer is reversed, and the cause remanded for further proceedings according to law.