McLAUREN   ET   AL., Respondents, *v.* CITY OF GRAND FORKS ET
AL., Appellants.

**Municipal   Corporations — Powers — Local   Improvements — Es-
toppel.**

> A city charter provided that when the mayor and council deemed it
> necessary to grade any street or alley for which a special tax shall be
> levied, they shall so declare by resolution, which shall be published for
> four consecutive weeks, and give resident owners of property liable to
> assessment twenty days within which to protest.  The mayor and council
> without observing any of these provisions graded an alley and issued tax
> certificates therefor.  *Held,* the certificates were void, and that a person by
> petitioning the council for the improvement was not estopped from ques-
> tioning the proceedings of the council in issuing the certificates.

(Argued Feb. 17, 1889 ; affirmed May 25, 1889 ; opinion filed Oct. 10, 1889.)

APPEAL from the district court, Grand Forks county; Hon.
W. B. McCONNELL, Judge.

Action by D. P. McLauren and others against the city of Grand
Forks and Jacob S. Eshelman, to have declared void certain tax
certificates, and perpetually restrain the defendant from executing
and delivering deeds thereupon to the holder of such certificates,
on the ground that they were illegally issued.   On the trial in
the district court the plaintiff had judgment for the relief prayed
for, and the defendants appealed.

*A. J. O'Keif,* for appellants.

While appellants do not admit that the tax levy was illegal,
yet assuming it was, the respondents are estopped from question-
ing it. 2 Herman, Estop. 1221, 1362 ; City v. Gilbert, 31 Ia. 364,
59 Am. Rep. 1; Motz v. Detroit, 18 Mich. 496; Brown v.
Bowen, 30 N. Y. 519 ; State v. Trenton, 39 N. J. L. 499 ; Swift
v. Williamsburg, 24 Barb. 42 ; Sexton v. Smith, 32 Wis. 299;

Frost v. Flick, 1 Dak. 132 ; 6 Wait, A. & D. 706; Quinlan v. Myers, 29 Ohio St. 500 ; People v. Goodwin, 1 Seld. 573 ; Kellog v. Ely, 15 Ohio St. 66.

The council was nothing more nor less than the agents of these property-owners in making the improvements. Lake v. Trustees, 4 Denio, 520 ; Bond v. Mayor, 19 N. J. Eq. 376 ; 4 Wait, A. & D. 605 ; West v. Ballard, 32 Wis. 137; Linton v. Mayor, 53 Ga. 588 ; Greene v. Munford, 5 R. I. 472; Clinton Appeal, 56 Pa. St. 315; 3 Wait, A. & D. 702 ; Challis v. Commissioners, 15 Kan. 49.

The only thing complained of is alleged irregularity in the proceedings. This being so, and having known of the improvements being made, those not signing the petition as well as the ones that did, will not now be permitted to question them. Warden v. Supervisors, 14 Wis. 618; Converse v. Ketchum, 18 id. 202 ; Mitchell v. Milwaukee, id. 92 ; Bond v. Kenosha, 17 id. 284 ; Kellog v. Oshkosh, 14 id. 623 ; Cooley, Tax. 573 ; 2 Desty, Tax. 75, 666, 1224 ; High, Inj. 464, 465 ; Baker v. Omaha, 20 N. W. Rep. 382 ; LaFayette v. Fowler, 34 Ind. 140 ; Sleeper v. Bulleu, 6 Kan. 300 ; Evansville v. Pfisterer, 34 Ind. 36; Weber v. San Francisco, 1 Cal. 455; Tash v. Adams, 10 Cush. 252 ; Peoria v. Kidder, 26 Ill. 351; 30 N. W. Rep. 177.

*C. B. Pratt,* for respondent.

The council having failed to comply with the charter the proceedings were void. Doughty v. Hope, 3 Denio, 594 ; Sharpe v. Speir, 4 Hill, 76 ; Sharpe v. Johnson, id. 92 ; Hopkins v. Mason, 42 How. Pr. 115 ; Merritt v. Village, 71 N. Y. 309 ; Hoyt v. City, 2 Am. Rep. 76 ; White v. Stevens, 34 N. W. Rep. 255 ; Zottman v. City, 29 Cal. 96 ; Murphy v. Louisville, 9 Bush, 189 ; Hewes v. Rice, 40 Cal. 255 ; 2 Dillon, Mun. Corp., § 769, n. 1 ; Pound v. Chippewa, 43 Wis. 63 ; Massing v. Ames, 37 Wis. 645.

The contention that respondents are estopped to question the validity of the proceedings is not well taken. The council could acquire jurisdiction in no such manner. Martin v. Zellerbach, 38 Cal. 300 ; Hoyt v. City, *supra ;* Petition of Sharp, 15 Am. Rep. 415 ; Tones v. City, 3 Am. & Eng. C. C. 644; Sleckett v. City, 22 Mich. 104.

SPENCER, J.   The facts in this case are undisputed.   The plaintiffs were the owners of certain real estate situated on Kittson avenue, a street in the city of Grand Forks.   In May, 1882, the plaintiffs joined in a petition which was duly presented to the city council of Grand Forks, praying that Kittson avenue be graded. Such proceedings were had by the mayor and city council that such street was graded, the contract therefor having been awarded to the defendant Eshelman, who performed the work.   Special-tax certificates were issued against the lots of the plaintiffs abutting on such street, and are now owned by the defendant Eshelman.

It is provided by the city charter of the city of Grand Forks, in substance, that when the mayor and council shall deem it necessary to grade any street, alley, etc., within the limits of the city, for which a special tax shall be levied, the mayor and council shall, by resolution, declare such work and improvement necessary to be done, and shall publish such resolution for four consecutive weeks, and give the resident owners of the property liable to be assessed and taxed for such improvement twenty days in which to protest against such improvement.

The defendant in this case, the mayor and council of the city of Grand Forks, performed none of these things, and by reason of this omission or neglect it is claimed by the 'plaintiff that the proceedings in regard to the grading of Kittson avenue were illegal, and the special-tax certificates, issued for the purpose of providing means for payment of the expenses thereof, utterly void. The city council only had such authority as was conferred by the charter of said city, and could exercise the powers granted only in the manner and according to the conditions imposed by the law.   They only had jurisdiction to act and bind the city by what they did while acting within the provisions of the law authorizing them to act at all.   Except in the instances provided by the charter itself the officers of the city itself were powerless to legally grade the street.   The charter provides that when the mayor and council shall deem it necessary to grade any street they shall declare by resolution that the grading of such street is necessary. It is only when necessary that the law contemplates such improvements shall be made, and whether or not the proposed improvement is necessary is to be determined by the mayor and council,

and such determination is to be evidenced by a resolution to that effect. Until this is done they have no power to act, and are without jurisdiction in the premises. The law-making body evidently intended that before the mayor and council entered upon making improvements on behalf of the city, for the expense of which private property was to be burdened, the necessity therefor should be considered and determined by them in their official capacity, and the evidence preserved by proper records. This is an important provision prescribing the preliminary steps necessary when it proposed to make public improvements, and, if disregarded or omitted, all subsequent proceedings are invalid, and of no effect. Hoyt v. City of Saginaw, 2 Am. Rep. 76 ; White v. Stevens, 34 N. W. Rep. 255.

The other conditions imposed by the statute are equally important, and necessary of performance. It having been determined that the proposed improvement is necessary, the resolution so declaring is to be published for a stated period, and within a limited time thereafter, defined by the charter, the owners of the property liable to assessment for the expenses of such improvement may protest against it.

These provisions of the charter were intended to preserve to the owners of property to be affected by the proposed improvement the right for any reason they may have to protest against the making of it, and to demonstrate that it was not necessary ; that the benefits which would flow from it were not commensurate with its costs, etc.

The giving of the notice required by law was a step essential to be taken by the city authorities before they could legally enter upon the work of making the improvement. It was jurisdictional. All the powers the mayor and council possessed in regard to making public improvements were derived from the charter of the defendant. They could only exercise these powers when acting in conformity with the law, and observing and performing all of the conditions imposed by it, and substantially in the manner provided.

In this proceeding the provision of the law defining upon what conditions the proposed improvement might be made was utterly ignored, and the rights of the owners of property affected entirely

disregarded.  The proceedings of the city authorities were, therefore, illegal, and the tax certificates issued against the lots representing the expenses of such improvement, and all proceedings under them, were void.  Hewes v. Reis, 40 Cal. 255 ; Pound v. Chippewa Co., 43 Wis. 63 ; 2 Dill. Mun. Corp., § 769.

The object of this law was to provide a method where, under certain specified conditions, private property may be assessed and taxed for the payment of the expenses of necessary public improvements.  Such statutes are in derogation of the common law, and must be construed strictly, and the conditions imposed observed and performed specifically.  The omission of any of them is fatal to the legality of all proceedings attempted to be had under it.  Merritt v. Village of Port Chester, 71 N. Y. 309 ; Doughty v. Hope, 3 Den. 594 ; Sharp v. Johnson, 4 Hill, 92.

Nor are the plaintiffs estopped from taking advantage of the invalidity of the tax certificates, or the illegality of the proceedings.  They did not by merely petitioning the council to grade the street waive the rights which they had under the statute ; they did not assume to do so in their petition ; they asked simply that the street be graded.  It is not to be presumed that by such request they intended that such improvement should be made without reference to the provision of the law under which it could only be made legally.  On the contrary, the presumption, if any could be indulged in, or was necessary, would be that the defendants should take such proceedings as were necessary under the law to be done for the grading of the street, not that the law be disregarded.  In re Sharp, 15 Am. Rep. 415 ; Tone v. Columbus, 3 Am. & Eng. Corp. Cas. 644 ; Steckert v. City of Saginaw, 22 Mich. 104 ; Martin v. Zellerbach, 38 Cal. 300.

We find no error in the record, and the judgment appealed from must, therefore, be affirmed.  All the justices concurring excepting McCONNELL J., not sitting.  Judgment affirmed, with costs.