DAKOTA LAND COMPANY, Plaintiff and Appellee and Cross-Appellant,

v.

CITY OF FARGO, North Dakota, a municipal corporation and Frank R. Fahrlander, City Auditor of the City of Fargo, North Dakota, Defendants and Appellants and Cross-Appellees,

and

Duane E. Hoehn, County Auditor of Cass County, North Dakota, Defendant and Appellee.

RAUENHORST CORPORATION, Plaintiff and Appellee and Cross-Appellant,

v.

CITY OF FARGO, North Dakota, a municipal corporation and Frank R. Fahrlander, City Auditor of the City of Fargo, North Dakota, Defendants and Appellants and Cross-Appellees,

and

Duane E. Hoehn, County Auditor of Cass County, North Dakota, Defendant and Appellee.

Civ. Nos. 8993, 8994.

Supreme Court of North Dakota.

Dec. 19, 1974.

Solberg & Stewart, Fargo, for defendants and appellants and cross-appellees City of Fargo and Frank R. Fahrlander, City Auditor.

John O. Garaas, Fargo, for defendant and appellee Duane E. Hoehn, County Auditor.

Tenneson, Serkland, Lundberg & Erickson, Fargo, for plaintiffs and appellees and cross-appellants Dakota Land Co. and Rauenhorst Corp.

PAULSON, Judge, On Reassignment.

This is an appeal by the City of Fargo and Frank R. Fahrlander, Fargo City Auditor [hereinafter appellants], from a declaratory judgment and a permanent injunction by the Cass County District Court in favor of the Rauenhorst Corporation and Dakota Land Company [hereinafter appellees] against the City of Fargo; Frank R. Fahrlander, Fargo City Auditor; and Duane E. Hoehn, Cass County Auditor. Duane E. Hoehn, Cass County Auditor, did not appeal and therefore is not a party to this appeal.

On August 20, 1968, after several years of preliminary planning, the Fargo City Commission created a special improvement district [Street Improvement District No. 3207], to be assessed for the cost of the proposed Second Street Underpass in the City of Fargo. The Special improvement district included all property then within the boundaries of Fargo, except that property within the Urban Renewal Project designated as "North Dakota R–2".

On October 15, 1968, the property owned by the appellees was annexed by the City of Fargo. This property was not within the corporate limits of Fargo at the time of the creation of the original special improvement district on August 20, 1968. Subsequently, the Fargo City Commission adopted a resolution amending its resolution of August 20, 1968, to include all properties within the corporate limits of Fargo as of October 27, 1970, with the exception of that property included in the Urban Renewal Project.

Pursuant to the resolution of October 27, 1970, a special assessment commission determined the amount of the assessment to be levied against each parcel of property within the assessment district. These assessments were approved and confirmed by the Fargo City Commission on September 19, 1972. Dakota Land Company was assessed $88,868.25, and Rauenhorst Corporation was assessed $155,097.70. The appellees brought separate actions against the City of Fargo, the City Auditor, and the Cass County Auditor, seeking a declaratory judgment that the action of the City of Fargo in enlarging the special improvement district was null and void, and a permanent injunction against the special assessments to be levied against the appellees' property.

These actions were consolidated and tried on July 9, 1973. The trial court held that the action taken by the City of Fargo in

extending the special improvement district to include the properties of the appellees was "null and void and of no force and effect and that plaintiffs' properties were improperly and unlawfully assessed for such street improvements". The trial court also permanently restrained and enjoined the Fargo City Auditor from certifying these special assessments to the Cass County Auditor, and restrained and enjoined the Cass County Auditor from spreading such assessments against the appellees' property.

The appellants subsequently moved the trial court to amend its findings of fact, conclusions of law and order for judgment, and judgment and decree, on the grounds that the court's findings and judgment encompassed several factual and legal determinations that were not consistent with the court's oral opinion delivered at the conclusion of the trial. The trial court granted this motion and amended its findings of fact, conclusions of law and order for judgment, and judgment and decree. The only material change made by the court when it amended its findings of fact, conclusions of law and order for judgment, and judgment and decree was to eliminate reference to the action of the City of Fargo in excluding the Urban Renewal Project area from the special improvement district.

The appellees filed a cross-appeal from certain parts of the amended findings of fact, conclusions of law and order for judgment, and from the amended judgment and decree entered on October 31, 1973.

The sole issue involved in this appeal is whether or not the City of Fargo can create a special improvement district and thereafter enlarge and extend such district to include property subsequently annexed to the City. In essence, this issue becomes a question of jurisdiction: Did the Fargo City Commission have the jurisdiction to include the property of the appellees in the special improvement district?

▆ Clearly, the City of Fargo would not have had jurisdiction over the property in question pursuant to the resolution of August 20, 1968, creating the original special improvement district. Appellees' property was not within the corporate limits of the City of Fargo on August 20, 1968, and, therefore, was not within the special improvement district. In Reed v. City of Langdon, 78 N.D. 991, 54 N.W.2d 148 (1952) in paragraph 6 of the syllabus, this court held, in pertinent part, that:

"Property outside of the limits of an improvement district is not subject to special assessment . . .."

This court has previously stated that, when a question of jurisdiction arises, we must look to the statutes to determine whether or not a city has exceeded its jurisdiction. Parker Hotel Company v. City of Grand Forks, 177 N.W.2d 764 (N.D.1970). For jurisdictional authority, the appellants rely upon § 40–22–08, N.D.C.C., which provides, in pertinent part:

"*Improvement districts to be created.* —For the purpose of making an improvement project of one of the types specified in section 40–22–01 and defraying the cost thereof by special assessments, a municipality may create water districts, sewer districts, water and sewer districts, street improvement districts, boulevard improvement districts, flood protection districts, and parking districts, *and may extend any such district when necessary.* . . ." [Emphasis ours.]

The appellants contend that by creating a new, expanded special improvement district by a resolution dated October 27, 1970, the City of Fargo acquired jurisdiction over appellees' property which was annexed subsequent to August 20, 1968. The appellants argue that this is not an extension of the original special improvement district, but the creation of an entirely new improvement district which would include the appellees' property.

In addressing itself to the meaning of § 40–22–08, N.D.C.C., the trial court said:

"Now that law doesn't specifically say anything one way or the other about ex-

tending an improvement district to property that was not a part of the city when the district was first created. By reading the language of the statute we don't know if the legislature intended that property annexed to the city after an improvement district is set up, could be subjected to assessment for part of the original cost through this process of extending the original district."

The appellees contend that this statute does not allow retroactive action by the City of Fargo. At the time the second special improvement district was purportedly created on October 27, 1970, the improvement project was substantially completed, the improvement warrant issued, and the improvement bonds sold.

The trial court reached its decision in stating that if the Legislature had intended to permit the inclusion of subsequently annexed property in existing special improvement districts, the Legislature would have specifically authorized assessment of such property, as it did in § 40–23–19, N.D.C.C., which provides, in pertinent part:

"*Assessments on annexed property.* —Any property which was outside the corporate limits of the municipality at the time of contracting for a water or sewer improvement, which is benefited by such improvement and is subsequently annexed to the municipality, may thereafter be assessed therefor . . .."

The trial court concluded that if § 40–22–08, N.D.C.C., already provided for the inclusion of subsequently annexed property, the Legislature would not have enacted § 40–23–19, N.D.C.C., since such statute would then be superfluous.

■ Section 130 of the North Dakota Constitution grants the Legislature the power to create and control the government of cities. The cities then "become agencies of the State and have only the powers expressly conferred upon them by the Legislature, or such as may be necessarily implied from the powers expressly granted." Parker Hotel Company, *supra* 177 N.W.2d at 768. In *Parker Hotel Company, supra* 177 N.W.2d at 769, this court further stated:

"A city is a municipal corporation (Section 40–01–01, N.D.C.C.) and it takes its powers from the statutes which give it life. In defining its powers, the rule of strict construction applies and any doubt as to their existence, or extent, must be resolved against the city."

The statutes granting cities the power to make special assessments "must be construed strictly, and the conditions imposed observed and performed specifically. The omission of any of them is fatal to the legality of all proceedings attempted to be had under it." McLauren v. City of Grand Forks, 6 Dak. 397, 43 N.W. 710, 711 (1889).

■ While this court has not previously interpreted § 40–22–08, N.D.C.C., it has construed similar provisions of its predecessor, § 3698 of Chapter 44, Article 20 of the Political Code, Compiled Laws of North Dakota 1913, at page 901 thereof, which section provided:

"§ 3698. *To create improvement districts.* Any city shall have power to create sewer, paving and water main districts and water works districts, for the purpose of constructing a water works system, including the construction and erection of a pumping station, settling basins, filtration plant, stand pipes and water towers, reservoirs and other contrivances and structures necessary for a complete water works system, and for the purpose of laying, extending, improving, enlarging, relaying or replacing water mains and districts, for the purpose of grading, graveling, curbing, planting trees, constructing grass plots, sowing grass seed, constructing gutters, or for the purpose of making any one or more of the improvements herein mentioned and maintaining the same within the limits of such city, which districts shall be consecutively numbered."

In Merchants' Nat. Bank of Fargo v. City of Devils Lake, 42 N.D. 445, 173 N.W. 748, 749 (1919), this court said:

"Our statutes clearly contemplate that before the city authorities undertake any improvement to be paid for by special assessment they must create an improvement district. [Citation omitted.] The creation of such district has been held by this court to be a jurisdictional prerequisite."

In Green v. Beste, 76 N.W.2d 165 (N.D. 1956), in paragraph 7 of the syllabus, this court held:

"A valid resolution establishing a paving district is a jurisdictional prerequisite before such paving can be legally undertaken."

■ The formation of a special improvement district is the foundation for all subsequent proceedings. Kvello v. Lisbon, 38 N.D. 71, 164 N.W. 305 (1917). Pursuant to Chapter 40–22, N.D.C.C., the statutory order of sequence is, first, the creation of the district and then the ordering, filing, and approval of the plans and specifications, publication of the resolution of necessity, and the advertisement for bids. The provisions of Chapter 40–22 prescribe the method of procedure to be followed and must be strictly observed. Murphy v. City of Bismarck, 109 N.W.2d 635 (N.D.1961). If a special assessment district is not created prior to the making of a public improvement, special assessments levied for the payment of such improvement are invalid. Minneapolis, St. P. & S. S. M. v. City of Minot, 51 N.D. 313, 199 N.W. 875 (1924).

■ In the instant case, we hold that since the improvement project was substantially completed, the improvement warrant was issued, and the improvement bonds were sold before the adoption of the resolution which purportedly included the appellees' property in the special improvement district, the City of Fargo has failed to establish jurisdiction over the property in question, and that any special assessments against said property resulting from said resolution are null and void.

Although the appellees raised several additional issues in their cross-appeal, our decision renders such issues moot.

The judgment is affirmed.

ERICKSTAD, C. J., KNUDSON and VOGEL, JJ., and CLIFFORD JANSONIUS, Court Commissioner, concur.

The Honorable J. PHILIP JOHNSON deeming himself disqualified did not participate; the Honorable CLIFFORD JANSONIUS, Court Commissioner, sitting in his place.