2010 ND 168

**Fred M. HECTOR, Jr., Petitioner and Appellant**

v.

**CITY OF FARGO, a political subdivision of the State of North Dakota, Respondent and Appellee.**

No. 20100061.

Supreme Court of North Dakota.

Aug. 31, 2010.

Rehearing Denied Sept. 21, 2010.

Jonathan T. Garaas, DeMores Office Park, Fargo, N.D., for petitioner and appellant.

Jane L. Dynes (argued) and Ronald H. McLean (on brief), Fargo, N.D., for respondent and appellee.

MARING, Justice.

[¶ 1] Fred M. Hector, Jr., appeals from a district court judgment affirming the Fargo Board of City Commissioners' decision approving the amount of assessments against his property located in four separate special assessment districts in south Fargo. We affirm, concluding Hector has failed to meet his burden of showing that the Commissioners acted arbitrarily, capriciously, or unreasonably, or that there is not substantial evidence supporting its decision.

I

[¶ 2] The Fargo Board of City Commissioners created four improvement districts on the southern edge of Fargo primarily for the construction of street improvements and the installation of sanitary sewers, water mains, and storm sewers. Hector objected to the amount the Fargo Special Assessment Commission assessed against his unplatted prop-

erties for the improvements. Hector appeared through counsel before the Special Assessment Commission to voice his objections, and the Special Assessment Commission lowered the amount of the assessment on property located in one of the assessment districts. Hector appealed the assessments to the Board of City Commissioners and appeared through counsel before the Commissioners to voice his objections. The Commissioners approved assessments of $297,739.91; $25,261.87; $247,361.60; and $38,643.40 for his property in the four special assessment districts. Hector entered into agreements with the City of Fargo which defer, without interest, payment of all assessments for a period of ten years.

[¶ 3] Hector appealed to the district court, which affirmed the Board of City Commissioners' decision to approve the assessments. The court also denied his motion for reconsideration.

## II

[¶ 4] On appeal, Hector argues the district court's decision affirming the assessments should be reversed for numerous reasons.

[¶ 5] Our review of a decision on special assessments is very limited:

The special assessment commission is in essence a legislative tribunal created by legislative authority to "(1) determin[e] the benefits accruing to the several tracts of land in an improvement district by reason of the construction of an improvement and (2) assess[ ] the costs and expenses thereof against each tract in proportion to the benefit received." Accordingly, judicial review is limited to assuring that local taxing authorities do not act arbitrarily, capriciously, or unreasonably. Courts are not to act as a super grievance board, and we do not try special assessment cases anew or reweigh the evidence. Rather, we begin with the presumption that assessments for local improvements are valid, and the burden is on the party challenging the validity of the assessments to demonstrate they are invalid.

*Bateman v. City of Grand Forks,* 2008 ND 72, ¶ 10, 747 N.W.2d 117 (quoting *Serenko v. City of Wilton,* 1999 ND 88, ¶ 20, 593 N.W.2d 368 (citations omitted)). We must affirm the decision of a local governing body unless it acted arbitrarily, capriciously, or unreasonably, or there is not substantial evidence supporting the decision. *Hagerott v. Morton County Bd. of Comm'rs,* 2010 ND 32, ¶ 7, 778 N.W.2d 813. A decision is not arbitrary, capricious, or unreasonable if the exercise of discretion is the product of a rational mental process by which the facts and the law relied upon are considered together for the purpose of achieving a reasoned and reasonable interpretation. *Id.* The record is adequate to support a local governing body's findings and conclusions if it allows us to discern the rationale for the decision. *Hector v. City of Fargo,* 2009 ND 14, ¶ 9, 760 N.W.2d 108. A local governing body's failure to correctly interpret and apply controlling law constitutes arbitrary, capricious, and unreasonable conduct. *Hagerott,* at ¶ 7.

[¶ 6] Two issues raised by Hector warrant discussion.

### A

[¶ 7] Hector argues he is being illegally assessed for his real property located outside Fargo city limits.

[¶ 8] Generally, in the absence of statutory authority, a municipality cannot create a special assessment or improvement district that includes land outside the municipality's limits. *See* 70C

Am.Jur.2d *Special or Local Assessments* § 109 (2000); 64 C.J.S. *Municipal Corporations* § 1204 (1999). There is statutory authority in North Dakota allowing the creation of special improvement districts by a municipality that include land outside the municipality's limits.

[¶ 9] Under North Dakota law, a special improvement district must be created before property may be lawfully assessed. *See Dakota Land Co. v. City of Fargo,* 224 N.W.2d 810, 814 (N.D.1974), and cases collected therein. Section 40–23–19, N.D.C.C., provides in pertinent part:

> Any property that was outside the corporate limits of the municipality at the time of contracting for an improvement, which is benefited by the improvement and is subsequently annexed to the municipality, may be assessed for the improvement subject to the same conditions and by the same procedure as provided in section 40–23–18. The property that is benefited may also be assessed for any improvement, within or outside the corporate limits, which is determined by the governing body and the special assessment commission to benefit property that was outside the corporate limits at the time of contracting for the improvement, whether or not an improvement district was previously created for the improvement. For this purpose, the governing body may create one or more improvement districts comprising all or part of the annexed territory.... The governing body may use a reasonable depreciation schedule for the improvement in determining the amount of any special assessment subsequently levied under this section.

[¶ 10] Because creation of a special improvement district must precede any assessments, it follows that N.D.C.C. § 40–23–19, by allowing the assessment of prop-

erty that is subsequently annexed to a municipality, necessarily authorizes the creation of special improvement districts that include land outside the limits of a municipality. Section 40–23–25, N.D.C.C., further supports this conclusion:

> The special assessment commission shall prepare and file with the city auditor a list of estimated future assessments on property located outside the corporate limits of the city at the time of contracting for an improvement but which the special assessment commission determines is potentially benefited by the improvement and likely to be annexed to the city.

One of the purposes of N.D.C.C. § 40–23–25 was to give notice to potential property purchasers that "specials are then pending on that land that will be annexed into the city." *Hearing on S.B. 2368 Before the House Political Subdivisions Comm.,* 58th N.D. Legis. Sess. (March 20, 2003) (testimony of Connie Sprynczynatyk). Under N.D.C.C. § 40–23–17, "[a]ny municipality that pays or provides for the payment of part or all of the cost of an improvement may subsequently levy special assessments for the cost of the improvement upon properties benefited by the improvement." This statutory scheme "allow[s] for the city to put the money up front but then to recapture it when the property is annexed or when there are actual benefits to that resident." *Hearing on S.B. 2338 Before the House Finance and Taxation Comm.,* 53rd N.D. Legis. Sess. (Feb. 16, 1993) (testimony of Rep. Glassheim).

[¶ 11] Hector's argument that it is illegal to include property in a special improvement district that is located outside city limits is based on this Court's decision in *Dakota Land Co.,* 224 N.W.2d 810. The "sole issue" in *Dakota Land Co.* was "whether or not the City of Fargo can create a special improvement district and

thereafter enlarge and extend such district to include property subsequently annexed to the City." *Id.* at 812. The Court held that

> since the improvement project was substantially completed, the improvement warrant was issued, and the improvement bonds were sold before the adoption of the resolution which purportedly included the appellee's property in the special improvement district, the City of Fargo has failed to establish jurisdiction over the property in question, and that any special assessments against said property resulting from said resolution are null and void.

*Id.* at 814. The Court did not hold a special assessment district cannot be created that includes property located outside city limits. Indeed, the Court pointed out that "if the Legislature had intended to permit the inclusion of subsequently annexed property in existing special improvement districts, the Legislature would have specifically authorized assessment of such property, as it did in § 40–23–19, N.D.C.C." *Dakota Land Co.*, at 813.

[¶ 12] Here, Hector did not contest the creation of the improvement district, and the evidence reflects that the special assessments have not been implemented or levied on Hector's property located outside city limits. We conclude the creation of a special improvement district including Hector's land located outside Fargo city limits was authorized by law.

### B

[¶ 13] Hector claims he was improperly assessed for 28 acres of land owned by the City of Fargo.

[¶ 14] At the Board of City Commissioners meeting on October 20, 2008, the special assessment coordinator for the City of Fargo described a "problem" with the legal status of what the parties refer to as the "school lands" and its effect on the City's computer system. To support his argument that he was improperly assessed for the school lands, Hector relies on material in the record indicating the Fargo Public School District owns the school lands. However, this material sheds no light on whether Hector was assessed for the school lands.

[¶ 15] The special assessment coordinator explained at the meeting that, because of the "problem," a special assessment notice for the school lands was not sent to Hector, but was sent to the school district. The record contains a special assessment notice for improvement district # 575900 which was sent to Hector for parcel 01–3500–04931–000, but it did not include the school lands. A special assessment notice for improvement district # 575900 was sent to Fargo Public School District 1 for parcel 01–3500–04930–000. The district 575900 hearing notice register lists Fargo Public School District 1 as the owner of parcel 01–3500–04930–000. Hector has pointed to nothing indicating he was assessed for the school lands.

[¶ 16] Upon our review of the record, we agree with the district court that Hector has failed to establish that he was improperly assessed for the school lands.

### C

[¶ 17] We have considered the other arguments raised by Hector and conclude they are without merit or do not affect our decision. We conclude Hector has failed to establish that the Fargo Board of City Commissioners acted arbitrarily, capriciously, or unreasonably, or that there is not substantial evidence supporting its decision.

### III

[¶ 18] The judgment is affirmed.

[¶ 19]   GERALD W. VANDE WALLE, C.J., DANIEL J. CROTHERS, DALE V. SANDSTROM, and CAROL RONNING KAPSNER, JJ., concur.