2015 ND 37

**NANDAN, LLP and Border States Paving, Inc., Plaintiffs and Appellants**

**v.**

**CITY OF FARGO, a municipal corporation, Defendant and Appellee.**

No. 20140121.

Supreme Court of North Dakota.

Feb. 12, 2015.

Joseph A. Turman (argued) and Katrina A. Turman Lang (on brief), Fargo, N.D., for plaintiffs and appellants.

Jane L. Dynes (argued) and Ronald H. McLean (on brief), Fargo, N.D., for defendant and appellee.

McEVERS, Justice.

[¶ 1] Nandan, LLP, and Border States Paving, Inc., (collectively, "Border States") appeal from a district court judgment dismissing its amended complaint against the City of Fargo for failure to state a claim on which relief can be granted. The district court concluded Border States' amended complaint provided no right to relief under N.D.C.C. §§ 40–22–06 and 40–22–15. We affirm the part of the judgment concluding Border States had no right to relief against Fargo under N.D.C.C. § 40–22–06, relating to when a resolution of necessity is required and the right of public protest arises under an agreement between a municipality and another entity. We reverse and remand the part of the judgment concluding Border States had no right to relief under N.D.C.C. § 40–22–15, relating to the requirements for resolutions declaring an improvement necessary, because viewing the allegations in the amended complaint in the light most favorable to the plaintiff, we are not certain of the impossibility of proving a claim upon which relief can be granted.

I

[¶ 2]   Nandan, LLP, and Border States Paving, Inc., own real property located at 4101 32nd Street North in Fargo.   On May 31, 2012, a landslide occurred along 32nd Street North adjacent to the industrial facility of Border States.   According to a report from Braun Intertec Corporation contained in the record, the landslide likely originated from a stockpile of granular material located on Border States' property.   The landslide ruptured a water main and storm sewer, and damaged 32nd Street North and Drain No. 10.   Drain No. 10 is owned, operated, and maintained by the Southeast Cass Water Resource District ("Water District").   Fargo owns the street, water main, and storm sewer.

[¶ 3]   Border States received a notice from Fargo dated July 18, 2013, stating: "The City of Fargo has created Improvement District 6237 to fund a portion of the local share of a project that would provide for drain, water main and sanitary sewer repairs on a portion of Cass County Drain No. 10 north of Cass County Road 20." The notice indicated Fargo would contribute approximately $600,000 to the project. The notice stated Fargo would pay its share through special assessments assessed to real property owners within the improvement district.   The only real property within the improvement district to be assessed was owned by Border States.

[¶ 4]   The consent agenda for the Fargo City Commission meeting on July 22, 2013, contained documents related to the improvement district.   One of the documents was a checklist titled "Cover Sheet City of Fargo Projects."   The checklist states it must be completed and turned in with all City of Fargo projects.   The checklist also contains items to be checked "when all or part of a project is to be special assessed." One of the items to be checked when a project is to be paid for by special assess-

ments is titled "Adopt Resolution of Necessity."   For Improvement District No. 6237, the "Adopt Resolution of Necessity" line item was not checked; rather, it was labeled "N/A."

[¶ 5]   Another document related to the improvement district was an Engineer's Report dated July 18, 2013.   It described the improvement district as follows:

*Nature & Scope*

This Improvement District is for the reconstruction of Drain No. 10 and adjacent water main, sewer main, and 32nd Street North.   The purpose of the project is to repair the damage caused to this infrastructure from a deep rotational failure that caused uplifting of the drain bottom, shifting of 32nd Street North, and damage to buried utilities.

. . .

*Purpose*

This project is intended to restore the function of Drain 10 where the geotechnical failure has occurred and repair 32nd Street North and the affected utilities within the road corridor.

At its regular meeting on July 22, 2013, the Fargo City Commission approved the creation of "2013 Cass County Drain No. 10 Channel Repairs Improvement District No. 6237" in Fargo.   The Fargo City Commission did not adopt a resolution of necessity for the improvements described in the Engineer's Report.

[¶ 6]   On August 6, 2013, Fargo entered into a Joint Powers Agreement with the Water District.   The agreement set forth the obligations of Fargo and the Water District in relation to the work to be done within the improvement district.   The agreement stated the project was necessary to "ensure proper drainage in Drain 10," and for "purposes of repairing the water and sewer infrastructure, as well as 32nd Street."   Under the agreement, the

Water District was responsible for designing the project in cooperation with Fargo. Fargo was responsible for bidding out the project, entering into a construction contract for construction of the project, and constructing the project according to the final design approved jointly by Fargo and the Water District.

[¶ 7] On August 26, 2013, Fargo received a "Protest to Special Assessment District No. 6237" from Border States. In a letter to the Board of City Commissioners dated August 28, 2013, the City Engineer acknowledged receipt of the protest from Border States. The letter also stated "[s]taff has determined this Improvement District is not protestable." On September 3, 2013, the Fargo City Commission received bids for the improvement district, and awarded the construction contract to Industrial Builders, Inc., for $906,960.

[¶ 8] In September 2013, Border States sued Fargo to determine whether Fargo properly created Improvement District No. 6237. Border States' amended complaint sought relief asserting the improvement district was made without a resolution of necessity and without providing Border States adequate notice and depriving it of the right to protest the creation of the improvement district. Fargo moved to dismiss the amended complaint for failure to state a claim on which relief can be granted and for judgment on the pleadings. Border States opposed Fargo's motion and filed a supporting affidavit and accompanying exhibits. Fargo replied by submitting copies of documents available on its website or providing links to its website for documents in support of its motion.

[¶ 9] In January 2014, the district court granted Fargo's motion to dismiss. In its Memorandum Opinion and Order, the district court acknowledged the parties submitted affidavits and exhibits outside the pleadings; however, the court stated it did not consider materials filed outside the amended summons and amended complaint. The district court concluded Border States did not have a right to protest the improvement district under N.D.C.C. § 40–22–06 because Fargo let the bids for construction of the project. The district court also concluded there was no right to protest under N.D.C.C. § 40–22–15 because the project constituted a water or sewer improvement and a resolution declaring the improvements were necessary was not required.

II

[¶ 10] Border States argues the district court erred in granting Fargo's motion to dismiss under N.D.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief could be granted. Border States argues the district court should have treated Fargo's motion to dismiss as a motion for summary judgment under N.D.R.Civ.P. 56 because evidence outside of the pleadings was presented by both parties. The district court stated it did not consider evidence outside of the pleadings, and concluded Border States was unable to protest Fargo's creation of Improvement District No. 6237 under N.D.C.C. §§ 40–22–06 and 40–22–15.

[¶ 11] This Court reviews a district court's decision granting a·motion to dismiss under N.D.R.Civ.P. 12(b)(6) de novo. *Brandvold v. Lewis & Clark Pub. Sch. Dist. No. 161*, 2011 ND 185, ¶ 6, 803 N.W.2d 827; *Bala v. State*, 2010 ND 164, ¶ 7, 787 N.W.2d 761. This Court has summarized its standard of review of a judgment dismissing a complaint under N.D.R.Civ.P. 12(b)(6) for failure to state a claim:

"A motion to dismiss a complaint under N.D.R.Civ.P. 12(b)(vi) tests the legal sufficiency of the claim presented in the

complaint. On appeal from a dismissal under N.D.R.Civ.P. 12(b)(vi), we construe the complaint in the light most favorable to the plaintiff and accept as true the well-pleaded allegations in the complaint. Under N.D.R.Civ.P. 12(b)(vi), a complaint should not be dismissed unless it is disclosed with certainty the impossibility of proving a claim upon which relief can be granted. We will affirm a judgment dismissing a complaint for failure to state a claim if we cannot discern a potential for proof to support it."

*Brandvold,* at ¶ 6 (citations omitted) (quoting *Vandall v. Trinity Hosps.,* 2004 ND 47, ¶ 5, 676 N.W.2d 88). A motion to dismiss under N.D.R.Civ.P. 12(b)(6) is based on the pleadings, and if matters outside the pleadings are considered, the motion must be treated as a motion for summary judgment under N.D.R.Civ.P. 56. *Overlie v. State,* 2011 ND 191, ¶ 11, 804 N.W.2d 50.

[¶ 12] In its amended complaint, Border States alleged Fargo was required to hold a hearing to address its protest to the improvement district. Border States alleged Fargo's failure to consider its protest was improper under N.D.C.C. § 40–22–06. Border States' amended complaint sought the following relief:

WHEREFORE, Plaintiffs respectfully request this Court to enter judgment as follows:

Determining that any levy of special assessments made under Special Improvement District No. 6237 was made without a declaration of necessity and without providing the Plaintiffs with an adequate notice and depriving them of the right to protest the assessment.

A

[¶ 13] In granting Fargo's motion to dismiss, the district court concluded Border States was not entitled to relief under N.D.C.C. § 40–22–06. The district court concluded N.D.C.C. § 40–22–06 did not provide Border States a right to protest the creation of the improvement district, because under the Joint Powers Agreement with the Water District, Fargo was responsible for entering into the construction contract with Industrial Builders.

[¶ 14] Interpretation of a statute is a question of law, fully reviewable on appeal. *Hale v. Ward Cnty.,* 2014 ND 126, ¶ 13, 848 N.W.2d 245. Words in a statute are given their plain, ordinary, and commonly understood meaning unless a contrary intention plainly appears or unless defined by statute. N.D.C.C. § 1–02–02. "Statutes are construed as a whole and are harmonized to give meaning to related provisions." *Hale,* at ¶ 13; N.D.C.C. § 1–02–07.

[¶ 15] Chapter 40–22, N.D.C.C., allows a municipality to create improvement districts and pay for improvements through special assessments. The statutes granting cities the power to make special assessments must be strictly construed, and the conditions imposed must be specifically observed and performed. *Dakota Land Co. v. City of Fargo,* 224 N.W.2d 810, 813 (N.D.1974). The omission of any of the statutory conditions is fatal to the legality of all proceedings attempted to be had under it. *Id.* The creation of an improvement district is a jurisdictional requirement, and is the foundation for all subsequent proceedings. *Id.* at 814. If an improvement district is not created prior to the making of a public improvement, special assessments levied for the payment of the improvement are invalid. *Id.*

[¶ 16] Section 40–22–06, N.D.C.C., deals with a municipality's agreements with other entities for certain improvements, and states in relevant part:

Any municipality in this state, through its governing body, may enter into an agreement with any state agency, the board of county commissioners, or water resource board of the county in which the municipality is located, or a joint water resource board which jurisdiction includes the municipality, or any federal agency, *or any combination thereof,* for the improvement of streets, sewers, water mains, flood control projects, or of any of such facilities, *under the terms of which the contract for such work is to be let by* the state agency, the board of county commissioners, water resource board, joint water resource board, the federal agency, *or any combination thereof,* and for this purpose may create a special improvement district or districts. .... *If any portion of the cost is to be paid by the levy of special assessments, the governing body shall by resolution declare the necessity of the improvement,* setting forth its general nature, the approximate amount or fraction of the cost which the municipality will be obligated to pay under the agreement, and the fact that this amount, or such lesser amount as the governing body may specify, is proposed to be paid by the levy of special assessments upon property determined to be benefited by the improvement. .... The resolution of necessity must be published once each week for two consecutive weeks in the official newspaper of the municipality and protests may be filed and their sufficiency to bar the improvement must be determined in accordance with sections 40–22–16 through 40–22–18.

(Emphasis added.)

[¶ 17] Border States argues the phrase "or any combination thereof" as used in the statute is meant to be inclusive, and the requirements imposed by the statute apply regardless of which entity under the agreement described in the statute contracts for the work to be performed. Stated another way, Border States argues a municipality is required to adopt a resolution declaring the necessity of the improvement regardless of whether the municipality or another entity contracts for the work to be done.

[¶ 18] The district court interpreted and analyzed N.D.C.C. § 40–22–06 as follows:

Here, there is no ambiguity in N.D. Cent.Code § 40–22–06. Because the City let the bids, and not any of the entities mentioned in that statute, § 40–22–06, § 40–22–06 does not give the Plaintiffs any right to protest under that statute, or under §§ 40–22–16 through 40–22–18 of the N.D. Cent.Code. Plaintiffs argue that the words "or any combination thereof" contained in § 40–22–06, can be construed to mean the City of Fargo when it contracts with the water resource board. This, however, would be a tortured reading of the statute. Any combination thereof clearly refers to those entities listed in that portion of the statute, and does not include a municipality. A clear reading of N.D. Cent.Code § 40–22–06 ... does not give a right to protest, because neither a state agency, the board of county commissioners, the water resource board, the joint water resource board, or the federal agency, let the project.

[¶ 19] We agree with the district court's interpretation and analysis of N.D.C.C. § 40–22–06. The plain language of the statute allows a municipality to enter into an agreement with another government entity for certain improvements to the municipality. Under the agreement, if the other government entity contracts for the work to be done, the municipality may create a special improvement

district, and if any of the cost is to be paid by special assessments, the municipality is required by resolution to declare the improvements necessary. The resolution of necessity must be published, and property owners to be specially assessed are entitled to protest the resolution of necessity.

■ [¶ 20] The phrase "or any combination thereof," as it is used in the statute, refers to the government entities immediately preceding the phrase, and does not include a municipality. The phrase provides flexibility, as it allows a municipality to enter into a single agreement with one or more government entities for certain improvements. Under the agreement, one or more of the government entities may contract for the work to be done. If one or more of the government entities contracts for the work, and if any of the cost is to be paid with special assessments, the municipality is required to adopt and publish a resolution of necessity. Under the plain language of the statute, the phrase "or any combination thereof" does not include a municipality, and a resolution of necessity is not required by that statute if the municipality contracts for the work to be done.

■ [¶ 21] In this case, Fargo and the Water District entered into a Joint Powers Agreement as described in N.D.C.C. § 40–22–06. The agreement explained the necessity of the project, and set forth the obligations of Fargo and the Water District in relation to the project. Under the agreement, Fargo was obligated to bid out the project and enter into a construction contract for the project. Because Fargo bid out the project and entered into the construction contract, it was not required to adopt a resolution of necessity under N.D.C.C. § 40–22–06, and Border States had no right of protest under that statute. The district court did not err in concluding Border States had no right of protest un-

der N.D.C.C. § 40–22–06. We therefore affirm that part of the district court's judgment.

[¶ 22] Entering into an agreement for improvements with another government entity as described in N.D.C.C. § 40–22–06 does not relieve a municipality of the requirement to adopt and publish a resolution of necessity if the municipality contracts for the work to be done. *See, e.g.,* N.D.C.C. § 54–40.3–01(3) (stating joint powers agreement does not relieve any political subdivision of any obligation or responsibility imposed by law). As discussed below in part II.B. of this opinion, if a municipality contracts for improvements to be paid for by special assessments, the analysis shifts to N.D.C.C. § 40–22–15 to determine whether a resolution of necessity is required. *See Kirkham, Michael & Assocs. v. City of Minot,* 122 N.W.2d 862, 863 (N.D.1963); *Mitchell v. City of Parshall,* 108 N.W.2d 12, 15 (N.D.1961).

B

[¶ 23] Border States argues the district court erred in concluding N.D.C.C. § 40–22–15 did not provide a right to protest Fargo's creation of the improvement district. Border States argues the district court erred in dismissing its action under N.D.R.Civ.P. 12(b)(6) because there is a dispute over whether the improvements made constituted only sewer or water improvements. Border States argues improvements in addition to water or sewer improvements were made in the project.

[¶ 24] Section 40–22–15, N.D.C.C., states in relevant part:

After the engineer's report required by section 40–22–10 has been filed and approved, the governing body of the municipality, by resolution, shall declare that it is necessary to make the improve-

ments described therein. However, *a resolution is not required if the improvement constitutes a water or sewer improvement as described in subsection 1 of section 40-22-01,* .... The resolution must then be published once each week for two consecutive weeks in the official newspaper of the municipality. (Emphasis added.) If a resolution of necessity is required, a property owner within an improvement district may protest the resolution under N.D.C.C. § 40-22-17, and N.D.C.C. § 40-22-18 describes when sufficient protests may bar a municipality from proceeding further with an improvement project.

[¶ 25] A water or sewer improvement is described in N.D.C.C. § 40-22-01(1), which states:

Any municipality, upon complying with the provisions of this chapter, may defray the expense of any or all of the following types of improvements by special assessments:

1. The construction of a water supply system, or a sewerage system, or both, or any part thereof, or any improvement thereto or extension or replacement thereof, including the construction and erection of wells, intakes, pumping stations, settling basins, filtration plants, standpipes, water towers, reservoirs, water mains, sanitary and storm sewer mains and outlets, facilities for the treatment and disposal of sewage and other municipal, industrial, and domestic wastes, and all other appurtenances, contrivances, and structures used or useful for a complete water supply and sewerage system.

[¶ 26] Subsections 2 through 5 of N.D.C.C. § 40-22-01 describe additional types of improvements made within a municipality, which are not excepted from a

resolution of necessity under N.D.C.C. § 40-22-15. Subsection 2 describes improvements related to a municipal street system. Subsection 3 describes improvements to boulevards and public places by planting trees and grass. Subsection 4 describes improvements related to flood protection. Subsection 5 describes improvements related to parking lots and other facilities for motor vehicles. Section 40-22-01, N.D.C.C., concludes with the following statement:

In planning an improvement project of a type specified in any one of the foregoing subsections, the governing body may include in such plans any and all items of work and materials which in its judgment are necessary or reasonably incidental to the completion of an improvement project of such type.

■■■ [¶ 27] In interpreting N.D.C.C. § 40-22-15, the district court stated: "Here, the Court need not determine whether a resolution [of necessity] was required if this improvement constituted only a water or sewer improvement. N.D. Cent.Code § 40-22-15, as written, does not provide any right of protest." The district court also stated: "The Court, therefore, concludes that nothing in N.D. Cent.Code § 40-22-15 gives Plaintiffs the right to protest the project."

■■■ [¶ 28] We disagree with the district court's interpretation and analysis of N.D.C.C. § 40-22-15. In reviewing Fargo's motion to dismiss under N.D.R.Civ.P. 12(b)(6), we construe the amended complaint in the light most favorable to Border States and accept as true the allegations in the complaint. *See Brandvold,* 2011 ND 185, ¶ 6, 803 N.W.2d 827. Pleadings are liberally construed so as to do substantial justice. *Tibert v. Minto Grain, LLC,* 2004 ND 133, ¶ 21, 682 N.W.2d 294. The Joint Powers Agreement between Fargo and the

Water District was attached and incorporated by reference to the amended complaint. The agreement stated the project was for the "purposes of repairing the water and sewer infrastructure, as well as 32nd Street." Attached to the Joint Powers Agreement as Exhibit C was a copy of the Engineer's Report, which is described above. The report stated the improvement district was for the "reconstruction of ... [Fargo's] water main, sewer main, and 32nd Street North." The report also noted the purpose of the improvement district, stating, the "project is intended to ... restore the function of Drain 10 ... and repair 32nd Street North and the affected utilities."

[¶ 29] In its amended complaint, Border States requested a judgment determining the levy of special assessments under Improvement District No. 6237 were made without a declaration of necessity that deprived Border States the right to protest the creation of the improvement district. Simply stated, Border States claimed Fargo did not follow the correct statutory procedures and improperly created Improvement District No. 6237.

[¶ 30] According to the statements in the exhibits attached to the amended complaint, the improvement district included street repairs, utilities and other items not specifically included in the description of a water or sewer improvement under N.D.C.C. § 40–22–01(1) (under which a resolution of necessity would not be required under N.D.C.C. § 40–22–15). It is also unknown from the pleadings whether the other repairs were incidental to the water and sewer repairs. *See* N.D.C.C. § 40–22–01 (stating a municipality may include items of work and materials which in its judgment are necessary or reasonably incidental to the completion of an improvement project). If the other repairs were incidental to the water and sewer repairs

under N.D.C.C. § 40–22–01, a resolution declaring the improvements were necessary would not be required under N.D.C.C. § 40–22–15. If the other repairs were a type of improvement as described in N.D.C.C. § 40–22–01(2) through (5), and were not incidental to the water and sewer repairs, a resolution of necessity would have been required to create the improvement district, and Border States would have had a right to protest the creation of the improvement district under N.D.C.C. § 40–22–17. In viewing the pleadings in a light most favorable to Border States, we cannot conclude with certainty that Border States' amended complaint fails to state a claim upon which relief can be granted. We hold the district court erred in concluding N.D.C.C. § 40–22–15 did not provide Border States a right to protest the creation of the improvement district. We therefore reverse that part of the district court's judgment and remand for further proceedings.

[¶ 31] In its order granting Fargo's motion to dismiss, the district court concluded Border States did not have a right to protest the project under N.D.C.C. § 40–22–15. Without further analysis or explanation, the district court apparently concluded the project constituted a sewer or water improvement as described in N.D.C.C. § 40–22–01(1). On remand, the district court must analyze N.D.C.C. § 40–22–01 and consider any additional evidence offered by the parties in deciding whether the project constituted a sewer or water improvement. Specifically, the district court must decide whether the other repairs funded by Improvement District No. 6237 were incidental to the water and sewer repairs or whether they were a type of improvement described in N.D.C.C. § 40–22–01(2) through (5).

[¶ 32] Because we hold the district court erred in concluding Border States'

amended complaint failed to state a claim upon which relief could be granted, addressing Border States' argument that the district court should have treated Fargo's motion to dismiss as a motion for summary judgment under N.D.R.Civ.P. 56 is not necessary.

### III

[¶ 33] The district court's judgment dismissing Border States' amended complaint is affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.

[¶ 34]   GERALD W. VANDE WALLE, C.J., CAROL RONNING KAPSNER, DALE V. SANDSTROM, and DANIEL J. CROTHERS, concur.