Filed 2/22/18 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2018 ND 62

Mona Jean Riddle, Plaintiff and Appellee

v.

Robert Neal Riddle, Defendant and Appellant

No. 20170233

Appeal from the District Court of Foster County, Southeast Judicial District, the Honorable James D. Hovey, Judge.

AFFIRMED.

Opinion of the Court by VandeWalle, Chief Justice.

Kara E. Brinster, Jamestown, ND, for plaintiff and appellee.

Joshua Nyberg, Fargo, ND, for defendant and appellant.

Riddle v. Riddle

No. 20170233

VandeWalle, Chief Justice.

[¶1] Robert Neal Riddle appealed from a district court order denying his motion for new trial. We affirm.

I

[¶2] On October 14, 2016, a trial was held to settle the distribution of debts and assets between then husband and wife, Mona and Robert Riddle. Mona Riddle and Robert Riddle had previously entered a settlement agreement which was rescinded after Mona Riddle discovered Robert Riddle had concealed disability income and lied about various marital assets. 

[¶3] Due to a travel or scheduling conflict, Robert Riddle did not attend the trial. Robert Riddle did not make any pre-trial motions asking for a continuance or to be telephonically connected during the proceeding. Shortly before the trial began, counsel met in chambers and the district court permitted Robert Riddle to phone-in and make arrangements with the clerk to be connected. Robert Riddle was able to phone-in during part of the two-hour proceeding, but was disconnected at some point during the trial. Mona Riddle testified to various valuations of debts and assets in both her and Robert Riddle’s possession. Robert Riddle did not testify. His counsel did not call any witnesses, offer any exhibits, and did not provide an 8.3 Property and Debt Listing.

[¶4] On February 22, 2017, the notice of entry of judgment was served on Robert Riddle. The district court’s order analyzed the Ruff-Fischer guidelines and awarded Robert Riddle approximately 47% and Mona Riddle 52% of the marital estate. On March 16, 2017, Robert Riddle filed a motion for new trial arguing there was an irregularity in the proceeding and newly discovered evidence. The district court denied Robert Riddle’s motion because he failed to present grounds for new trial provided in N.D.R.Civ.P. 59(b)(1) and (4).

II

[¶5] “A district court’s decision whether to grant or deny a new trial under N.D.R.Civ.P. 59(b) rests entirely within its discretion, and our review of a denial of a new trial motion is limited to deciding whether the court manifestly abused its discretion.” 
Carroll v. Carroll
, 2017 ND 73, ¶ 9, 892 N.W.2d 173. “A district court abuses its discretion when it acts in an arbitrary, unreasonable, or unconscionable manner, when it misinterprets or misapplies the law, or when its decision is not the product of a rational mental process leading to a reasoned determination.” 
Id.
 

[¶6] In his motion for new trial, Robert Riddle argued his counsel’s conduct created an irregularity in the proceeding warranting a new trial under N.D.R.Civ.P. 59(b)(1). Robert Riddle also argued a new trial was necessary under N.D.R.Civ.P. 59(b)(4) because his counsel’s failure to present relevant evidence at trial unfairly prejudiced him. Rule 59(b)(1) and (4) provides:

The court may, on motion of an aggrieved party, vacate the former verdict or decision and grant a new trial on any of the following grounds materially affecting the substantial rights of the party:

(1) irregularity in the proceedings of the court, jury, or adverse party, or any court order or abuse of discretion that prevented a party from having a fair trial;

. . . .

(4) newly discovered evidence material to the moving party, which could not, with reasonable diligence, have been discovered and produced at the trial;  

[¶7] Under the plain language of Rule 59(b)(1), an irregularity in the proceeding must result from an action “of the court, jury, or adverse party, or any court order or abuse of discretion that prevented a party from having a fair trial.” Instead, Robert Riddle argues there was an irregularity in the proceeding because the actions of his counsel fell below an objective standard of reasonableness. Because an error, omission, or oversight by a movant’s counsel is not a basis for relief under the rule, the district court did not abuse its discretion in denying Robert Riddle’s motion under Rule 59(b)(1). 

[¶8] On appeal, Robert Riddle now alleges the district court’s failure to ensure Robert Riddle was telephonically present at trial also created an irregularity in the proceeding. However, Robert Riddle did not raise this issue in the district court, and therefore, we do not reach the issue. 
Kosobud v. Kosobud
, 2012 ND 122, ¶ 20, 817 N.W.2d 384 (“It is well settled that where a motion for new trial is made in the district court the moving party is limited on appeal to a review of the grounds presented to the district court.”). Moreover, Robert Riddle has failed to allege any actual prejudice or grounds materially affecting a substantial right. Robert Riddle’s signed affidavit includes general allegations but failed to provide any specific harm as a result of his absence from trial.

[¶9] As to Rule 59(b)(4), newly discovered evidence, Robert Riddle has failed to allege any new evidence. Instead, Robert Riddle argues the fact his counsel failed to introduce exhibits or call witnesses constitutes evidence that is “newly discovered” because the district court did not hear it at trial. Because there is no new evidence previously unavailable to Robert Riddle, the district court did not abuse its discretion in denying Robert Riddle’s motion under Rule 59(b)(4).

III

[¶10] Robert Riddle argues his due process rights were violated when he was not permitted to fully participate in the trial. Robert Riddle contends it was incumbent on the district court to ensure he was telephonically present during the trial once it agreed to let him phone-in.

[¶11] Procedural “[d]ue process requires notice and a meaningful opportunity for a hearing appropriate to the nature of the case.” 
Weigel v. Weigel
, 2015 ND 270, ¶ 28, 871 N.W.2d 810. However, “[t]he requirements of due process are flexible and vary depending upon the circumstances of each case.” 
St. Claire v. St. Claire
, 2004 ND 39, ¶ 7, 675 N.W.2d 175. “Within the context of a due process challenge, a court abuses its discretion only when the court employs a procedure which fails to afford a party a meaningful and reasonable opportunity to present evidence on the relevant issues.” 
Hartleib v. Simes
, 2009 ND 205, ¶ 15, 776 N.W.2d 217 (quotations and citation omitted).

[¶12] We have previously recognized due process does not require a court to ensure a litigant’s presence at a civil proceeding. 
See Matter of L.Z.N.
, 2017 ND 137, ¶ 15, 895 N.W.2d 747 (holding a district court does not have a duty to ensure a party’s presence at the trial, telephonically or otherwise);
 Curtiss v. Curtiss
, 2016 ND 197, ¶ 9, 886 N.W.2d 565 (holding district court did not violate former husband’s due process rights by holding a hearing without him present);
 St. Claire
, 2004 ND 39, ¶ 8, 675 N.W.2d 175 (holding no due process violation occurred at the hands of the district court and it was not fundamentally unfair to proceed with trial when father did not appear at the child support hearing).

[¶13] It is undisputed Robert Riddle had notice of the trial. Moreover, the record reflects Robert Riddle failed to make any pre-trial motions for telephonic participation or a continuance. Moreover, Robert Riddle did not advise the court until the opening of trial that he would not be present. Significantly, prior to trial, counsel met in chambers acknowledging Robert Riddle was unavailable due to “scheduling issues” or a possible missed train, yet Robert Riddle still wished to proceed with trial. Accordingly, because the district court was not obligated to ensure Robert Riddle’s presence at trial, it was not an abuse of discretion for the court to continue in his absence. 

IV

[¶14] Robert Riddle argues his prior counsel breached the standard of care for an attorney and unfairly prejudiced him. Robert Riddle contends we should extend the procedural remedy of ineffective assistance of counsel claims to divorce actions. We disagree.

[¶15] A defendant in a criminal case has a fundamental right to counsel guaranteed by the Sixth Amendment of the United States Constitution and by N.D. Const. art. I, § 12. 
State v. Dvorak
, 2000 ND 6, ¶ 9, 604 N.W.2d 445. The Supreme Court has recognized a defendant’s right to counsel is the right to the effective assistance of counsel. 
Strickland v. Washington
, 466 U.S. 668, 686 (1984). An ineffective assistance of counsel claim is a procedural remedy used to protect defendants if their legal counsel has performed so ineffectively that it has deprived them of their constitutional right guaranteed by the Sixth Amendment.

[¶16] Generally, there is no right to counsel in civil matters. However, the legislature has authorized the appointment of counsel in some limited civil matters.  For example, under N.D.C.C. § 27–20–26, an indigent parent is entitled to court-

appointed counsel.  In 
State v. T.L.
, 2008 ND 131, ¶¶ 28-29, 751 N.W.2d 677, this Court acknowledged the need to recognize claims of ineffective assistance of counsel in termination of parental rights proceedings because it would be absurd and meaningless to have a statutory right to appointed counsel but not to require that the counsel appointed be competent and effective.
 
However, we will not extend this type of remedy to actions where there is no statutory or constitutional right to counsel. In other civil matters, where counsel is alleged to be deficient or negligent in their representation, there are other avenues for relief that may be appropriate.

V

[¶17] The district court order is affirmed.

[¶18] Gerald W. VandeWalle, C.J.

Jon J. Jensen

Lisa Fair McEvers

Daniel J. Crothers

Jerod E. Tufte