Tufte, Justice.
 

 [¶ 1] LeRoy Wheeler appeals a district court judgment granting Governor Doug Burgum's motion to dismiss and denying Wheeler's motion to appoint counsel. We affirm.
 

 I
 

 [¶ 2] Wheeler, an inmate at the North Dakota State Penitentiary ("NDSP"), filed a complaint alleging civil rights violations under
 
 42 U.S.C. § 1983
 
 by Governor Burgum in both his official capacity and his personal capacity. The complaint alleges that Governor Burgum failed to supervise and govern officials and staff at the NDSP. Wheeler claims that NDSP officials and staff interfered with his mail, discriminated against him on the basis of race, denied him access to the courts, prevented him from challenging the conditions of his confinement, and retaliated against him for exercising his rights. Wheeler sent Governor Burgum two letters commenting on the conduct of these individuals. Governor Burgum did not respond to the letters. Wheeler sought injunctive relief against Governor Burgum in his official capacity for failing to supervise the actions of officials and staff at the NDSP. Wheeler also sought punitive damages for Governor Burgum's failure to respond to his letters or otherwise investigate the issues described in his letters. Additionally, Wheeler moved for appointed counsel.
 

 [¶ 3] Governor Burgum moved to dismiss the complaint under N.D.R.Civ.P. 12(b)(6) and opposed Wheeler's motion to appoint counsel. The district court granted Governor Burgum's motion to dismiss and denied Wheeler's motion for appointment of counsel.
 

 II
 

 [¶ 4] Wheeler argues the district court erred by granting Governor Burgum's motion to dismiss under N.D.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief could be granted. "This Court reviews a district court's decision granting a motion to dismiss under N.D.R.Civ.P. 12(b)(6) de novo."
 
 Nandan, LLP v. City of Fargo
 
 ,
 
 2015 ND 37
 
 , ¶ 11,
 
 858 N.W.2d 892
 
 . A motion to dismiss a complaint under N.D.R.Civ.P. 12(b)(6) tests the legal sufficiency of a claim, which
 we construe in the light most favorable to the plaintiff and accept as true the well-pleaded allegations in the complaint.
 

 Id.
 

 Under N.D.R.Civ.P. 12(b)(6), a complaint should not be dismissed unless it is impossible to prove a claim upon which relief can be granted.
 

 Id.
 

 A. Official Capacity
 

 [¶ 5] Wheeler argues that Governor Burgum failed to supervise individuals working for the NDSP, violating
 
 42 U.S.C. § 1983
 
 . Section 1983 provides, in relevant part, that every person who subjects any citizen "to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured...."
 
 42 U.S.C. § 1983
 
 . The Department of Corrections and Rehabilitation ("DOCR") "is responsible to the governor." N.D.C.C. § 54-23.3-01. The governor appoints the director of the DOCR, who serves at the pleasure of the governor. N.D.C.C. § 54-23.3-03. In addition to appointing the director, the governor "[s]hall supervise the official conduct of all executive and ministerial officers." N.D.C.C. § 54-07-01(1). The DOCR is "responsible for the direction and general administrative supervision, guidance, and planning of adult and juvenile correctional facilities and programs within the state." N.D.C.C. § 54-23.3-01.
 

 [¶ 6] "Neither a state, an entity with Eleventh Amendment immunity, nor state officials sued in their official capacity are 'persons' under
 
 42 U.S.C. § 1983
 
 , and neither is subject to suit under the statute in federal or state court."
 
 Perry Center, Inc. v. Heitkamp
 
 ,
 
 1998 ND 78
 
 , ¶ 37,
 
 576 N.W.2d 505
 
 . A claim seeking only injunctive relief may proceed against a state official in his official capacity because official-capacity actions seeking only prospective relief are not treated as actions against the State.
 
 Livingood v. Meece
 
 ,
 
 477 N.W.2d 183
 
 , 190 (N.D. 1991). Wheeler argues that Governor Burgum should be "enjoined to compel prison officials to respect and enforce prisoners Constitutional rights in his official capacity." However, Wheeler does not cite any authority for his argument that would support § 1983 liability for such a claim.
 

 [¶ 7] Although Governor Burgum is responsible for supervising the DOCR director, who is responsible for the NDSP and its staff, the Governor's supervisory responsibility over the alleged actions Wheeler complains of is too indirect and remote to support § 1983 liability.
 
 See
 

 Jackson v. Nixon
 
 ,
 
 747 F.3d 537
 
 , 543 (8th Cir. 2014) (stating, "While the doctrine of respondeat superior does not apply to § 1983 cases, a supervisor may still be liable under § 1983 if either his direct action or his 'failure to properly supervise and train the offending employee' caused the constitutional violation at issue."). Because Governor Burgum does not directly supervise or train the officials or staff at the NDSP, he cannot be held liable in his official capacity under § 1983. Thus, the district court did not err by concluding Wheeler failed to state a claim for which relief can be granted against Governor Burgum in his official capacity.
 

 B. Personal Capacity
 

 [¶ 8] Wheeler argues that Governor Burgum's failure to respond to his letters or otherwise investigate his allegations was a deprivation of his statutory or constitutional rights under color of law in violation of
 
 42 U.S.C. § 1983
 
 . Wheeler has not provided adequate support for his contention that Governor Burgum's failure to respond to his letters or otherwise investigate his allegations violated a constitutional or statutory right.
 

 Public officials do not have a free-floating obligation to put things to rights, disregarding rules (such as time limits) along the way. Bureaucracies divide
 tasks; no prisoner is entitled to insist that one employee do another's job. The division of labor is important not only to bureaucratic organization but also to efficient performance of tasks; people who stay within their roles can get more work done, more effectively, and cannot be hit with damages under § 1983 for not being ombudsmen. Burks's view that everyone who knows about a prisoner's problem must pay damages implies that he could write letters to the Governor of Wisconsin and 999 other public officials, demand that every one of those 1,000 officials drop everything he or she is doing in order to investigate a single prisoner's claims, and then collect damages from all 1,000 recipients if the letter-writing campaign does not lead to better medical care. That can't be right. The Governor, and for that matter the Superintendent of Prisons and the Warden of each prison, is entitled to relegate to the prison's ... staff the [implementation of prison policy].
 

 Burks v. Raemisch
 
 ,
 
 555 F.3d 592
 
 , 595 (7th Cir. 2009). Because Wheeler has not alleged any act or omission by Governor Burgum that deprived him of any legal right, Wheeler has no claim against Burgum in his personal capacity. The district court did not err by concluding Wheeler failed to state a claim for which relief can be granted against Governor Burgum in his personal capacity.
 

 III
 

 [¶ 9] Wheeler argues that the district court erred by denying his motion to appoint counsel. "Generally, there is no right to counsel in civil matters."
 
 Riddle v. Riddle
 
 ,
 
 2018 ND 62
 
 , ¶ 16,
 
 907 N.W.2d 769
 
 ;
 
 Davis v. Scott
 
 ,
 
 94 F.3d 444
 
 , 447 (8th Cir. 1996) ("Indigent civil litigants do not have a constitutional or statutory right to appointed counsel."). Wheeler provided the district court no citation to statute or other authority authorizing appointed counsel to a civil litigant suing under
 
 42 U.S.C. § 1983
 
 . On appeal, he argues his right to reasonable access to the courts requires appointment of counsel, but we have never held reasonable access requires publicly-funded counsel, and we reject the argument here.
 
 See
 

 Hamilton v. State
 
 ,
 
 2017 ND 54
 
 , ¶ 13,
 
 890 N.W.2d 810
 
 (stating that an appearance by telephone or deposition satisfies the right to reasonable access to courts). Where a district court has authority to appoint counsel in non-criminal matters, the Legislature has identified a source of funding and provided that upon a finding of indigency an applicant is entitled to appointed counsel.
 
 See
 
 N.D.C.C. § 25-03.1-13 ; N.D.C.C. § 27-20-26 ; N.D.C.C. § 29-32.1-05. Wheeler points to no state statute that would authorize appointed counsel for his § 1983 claims, and his constitutional claims find no support in our precedent. Because the district court was presented with no authority allowing it to appoint counsel, it was not error to deny Wheeler's motion for appointment of counsel.
 

 IV
 

 [¶ 10] Because Wheeler has failed to state a claim for which relief can be granted, the district court did not err by granting Governor Burgum's motion to dismiss. Further, the district court did not err by denying Wheeler's motion to appoint counsel. The judgment is affirmed.
 

 [¶ 11] Jerod E. Tufte
 

 Daniel J. Crothers
 

 Lisa Fair McEvers
 

 Jon J. Jensen
 

 Gerald W. VandeWalle, C.J.