Crothers, Justice.
 

 [¶ 1] David Ramirez appeals from an order dismissing his retaliatory discharge action against Walmart without prejudice for failure to state a claim upon which relief could be granted. We affirm, concluding the order is appealable and the district court did not err in dismissing Ramirez's retaliatory discharge claim on the pleadings.
 

 I
 

 [¶ 2] Ramirez was employed by Walmart in Jamestown. On April 18, 2017 Walmart terminated Ramirez's employment. On October 13, 2017 Ramirez sued Walmart under N.D.C.C § 34-01-20, which prohibits retaliatory discharges by employers. Ramirez claimed he was discharged from employment in retaliation for complaining to supervisors about other employees' "unfair" terminations.
 

 [¶ 3] Walmart moved to dismiss the action for failure to state a claim upon which relief can be granted under N.D.R.Civ.P. 12(b)(6), arguing Ramirez failed to plead any facts establishing that his complaints about "serial dismissals" constituted protected activity as defined in the statute. The district court granted the motion on December 1, 2017, and dismissed the action without prejudice.
 

 II
 

 [¶ 4] Although an order dismissing a complaint without prejudice is generally not appealable, when a statute of limitations has run, a dismissal without prejudice is appealable because it forecloses litigation in the plaintiff's chosen forum.
 
 See
 

 James Vault & Precast Co. v. B&B Hot Oil Serv., Inc.
 
 ,
 
 2018 ND 63
 
 , ¶ 10,
 
 908 N.W.2d 108
 
 . Ramirez's action is premised solely on the retaliatory discharge statute which contains a 180-day statute of limitations running from the date the violation occurred.
 
 See
 
 N.D.C.C. § 34-01-20(3) ;
 
 Vandall v. Trinity Hosps.
 
 ,
 
 2004 ND 47
 
 , ¶ 16,
 
 676 N.W.2d 88
 
 .
 

 [¶ 5] Ramirez commenced this action 178 days after his termination from employment, and the statute of limitations expired by the time the district court rendered its decision. Therefore, the order is appealable.
 

 III
 

 [¶ 6] Ramirez argues the district court erred in dismissing his retaliatory discharge claim.
 

 [¶ 7] In
 
 Martin v. Marquee Pacific, LLC
 
 ,
 
 2018 ND 28
 
 , ¶ 9,
 
 906 N.W.2d 65
 
 , we explained:
 

 "A motion to dismiss under N.D.R.Civ.P. 12(b)(6) tests the legal sufficiency of the claim presented in the complaint.
 
 Nandan, LLP v. City of Fargo
 
 ,
 
 2015 ND 37
 
 , ¶ 11,
 
 858 N.W.2d 892
 
 . On appeal, 'we construe the complaint in the light most favorable to the plaintiff and accept as true the well-pleaded allegations in the complaint.'
 

 Id.
 

 (quoting
 
 Brandvold v. Lewis & Clark Pub. Sch. Dist. No. 161
 
 ,
 
 2011 ND 185
 
 , ¶ 6,
 
 803 N.W.2d 827
 
 ). This Court will affirm a judgment dismissing a complaint for failure to state a claim under N.D.R.Civ.P. 12(b)(6) if we cannot discern a potential for proof to support it.
 
 Nandan
 
 , at ¶ 11. We review a district court's decision granting a motion to dismiss under N.D.R.Civ.P. 12(b)(6) de novo.
 

 Id.
 

 "
 

 [¶ 8] North Dakota's whistle-blower statute is codified at N.D.C.C. § 34-01-20, which provides in relevant part:
 

 "1. An employer may not discharge, discipline, threaten discrimination, or penalize an employee regarding the employee's compensation, conditions, location, or privileges of employment because:
 

 a. The employee, or a person acting on behalf of an employee, in good faith, reports a violation or suspected violation of federal, state, or local law, ordinance, regulation, or rule to an employer, a governmental body, or a law enforcement official."
 

 "[A]n employee's prima facie case for retaliatory discharge requires the employee to show (1) the employee engaged in protected activity; (2) the employer took adverse action against the employee; and (3) the existence of a causal connection between the employee's protected activity and the employer's adverse action."
 
 Dahlberg v. Lutheran Soc. Servs.
 
 ,
 
 2001 ND 73
 
 , ¶ 34,
 
 625 N.W.2d 241
 
 .
 

 [¶ 9] Ramirez alleged in his complaint that during a two-year period before his termination the total number of workers at his Walmart location was reduced from 98 to 56. Ramirez alleged he talked to supervisors about the series of layoffs or terminations of the other employees and told them the situation was "unfair." He continued:
 

 "For having complained of the serial dismissals, before the manager's assistant, that they are running,
 
 retaliates
 
 the cancellation of my job. For this she uses as an excuse, something that is not even a cause of just dismissal[ ] and where the sole responsible, comes out being the same manager. Therefore when they see the error, cancel it and put another[,] but this is already a lie[ ]! [A]nd before the court, you will also see that in this, finally the responsible, is also the same manager[ ]!"
 

 [¶ 10] In his complaint, Ramirez did not identify any law or regulation allegedly violated by Walmart, but only claims the dismissals were "unfair." " Section 34-01-20, N.D.C.C., prohibits an employer from discharging an employee for reporting illegalities,"
 
 Jacob v. Nodak Mut. Ins. Co.
 
 ,
 
 2005 ND 56
 
 , ¶ 19,
 
 693 N.W.2d 604
 
 , and was not "intended to protect an employee who acts for a purpose
 other than exposing an illegality."
 
 Dahlberg
 
 ,
 
 2001 ND 73
 
 , ¶ 38,
 
 625 N.W.2d 241
 
 . "Unfair" conduct is not synonymous with "illegal" conduct.
 
 See generally
 

 Trade 'N Post, L.L.C. v. World Duty Free Americas, Inc.,
 

 2001 ND 116
 
 , ¶ 42,
 
 628 N.W.2d 707
 
 .
 

 [¶ 11] We conclude the district court did not err in dismissing Ramirez's complaint for failure to state a claim upon which relief can be granted.
 

 IV
 

 [¶ 12] The order is affirmed.
 

 [¶ 13] Daniel J. Crothers
 

 Lisa Fair McEvers
 

 Jon J. Jensen
 

 Jerod E. Tufte
 

 Gerald W. VandeWalle, C.J.