# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

2019 ND 200

Great West Casualty Company,                              Plaintiff and Appellant

v.

Butler Machinery Company,                              Defendant and Appellee

No. 20180375

Appeal from the District Court of Burleigh County, South Central Judicial District, the Honorable John W. Grinsteiner, Judge.

REVERSED AND REMANDED.

Opinion of the Court by Crothers, Justice.

Laura C. Ringsak, Bismarck, ND, for plaintiff and appellant.

Sean F. Marrin, Grand Forks, ND, for defendant and appellee.

**Crothers, Justice.**

[¶1]    Great West Casualty Company appeals from a judgment of dismissal with prejudice.  We reverse and remand.

I

[¶2]    Bad Habit Trucking LLC owned a 1996 Peterbilt truck.  Great West Casualty Company insured the truck for Bad Habit Trucking.  Dusty Weinreis is a member of Bad Habit Trucking LLC.  Weinreis took the truck to Butler Machinery Company for service work.  The truck was destroyed by fire after the service work was completed but before Weinreis paid for the services.  Great West paid Bad Habit Trucking $85,000 for the loss of the truck in accordance with the insurance policy.

[¶3]    In November 2017 Butler sued Weinreis in small claims court for $9,100.94 for the unpaid service work.  Weinreis counterclaimed in small claims court for the statutory maximum, $15,000, alleging loss of use of the truck, lost profits, cost to repair and replace the truck, and loss of personal property.  Prior to the small claims hearing Butler moved to dismiss the case without prejudice.  Weinreis resisted the motion, and a small claims hearing took place on April 5, 2018.  The court awarded Butler $8,041.57 for the unpaid service work and awarded Weinreis $15,000 for lost profits.  Offsetting the recoveries resulted in a net award to Weinreis of $6,958.43.

[¶4]    In June 2018 Great West sued Butler in district court for $81,753.32 for the loss of the truck plus interest and costs.  Butler moved to dismiss under N.D.R.Civ.P. 12(b)(6), arguing the case was fully decided in small claims court when Weinreis sued Butler for loss of the truck.  The district court granted Butler's motion to dismiss because the issue stemmed from the same transaction or occurrence, and found Great West should have filed a claim for damages in the small claims action.  Great West moved to reconsider on the basis that Weinreis was the defendant in the small claims

1

action, not Great West or Bad Habit Trucking. Great West argued privity did not exist between Weinreis in his personal capacity and Great West as the insurance company for Bad Habit Trucking. The district court denied the motion to reconsider.

## II

[¶5] A motion to dismiss under N.D.R.Civ.P. 12(b)(6) tests the legal sufficiency of the claim presented in the complaint. *Nandan, LLP v. City of Fargo*, 2015 ND 37, ¶ 11, 858 N.W.2d 892. On appeal "we construe the complaint in the light most favorable to the plaintiff and accept as true the well-pleaded allegations in the complaint." *Id*. (quoting *Brandvold v. Lewis & Clark Pub. Sch. Dist. No. 161*, 2011 ND 185, ¶ 6, 803 N.W.2d 827). We review de novo the district court's decision granting a motion to dismiss under N.D.R.Civ.P. 12(b)(6). *Nandan*, at ¶ 11. A motion to dismiss under N.D.R.Civ.P. 12(b)(6) is based on the pleadings, and "[i]f . . . matters outside the pleadings are presented to and not excluded by the district court, the motion [must be] treated as a motion for summary judgment under N.D.R.Civ.P. 56." *Mills v. City of Grand Forks*, 2012 ND 56, ¶ 7, 813 N.W.2d 574 (quoting *Zutz v. Kamrowski*, 2010 ND 155, ¶ 8, 787 N.W.2d 286).

[¶6] In dismissing Great West's claims, the district court did not test the legal sufficiency of the claims presented in the pleadings under N.D.R.Civ.P. 12(b)(6). The district court considered the entire record when it made the decision to dismiss Great West's claim: "having reviewed the briefs, exhibits, and affidavits, if any, submitted and the entire file herein concerning the motion, and having heard the arguments of counsel, if any, and being fully advised in the matter, it is ordered . . ." Due to the scope of the district court's review, this Court is required to review the order as a granted motion for summary judgment.

[¶7] The standard of review of a district court's decision to grant summary judgment is well established:

> "[Summary judgment] is a procedural device for the prompt resolution
> of a controversy on the merits without a trial if there are no genuine
> issues of material fact or inferences that can reasonably be drawn from

undisputed facts, or if the only issues to be resolved are questions of law. A party moving for summary judgment has the burden of showing there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. In determining whether summary judgment was appropriately granted, we must view the evidence in the light most favorable to the party opposing the motion, and that party will be given the benefit of all favorable inferences which can reasonably be drawn from the record. On appeal, this Court decides whether the information available to the district court precluded the existence of a genuine issue of material fact and entitled the moving party to judgment as a matter of law. Whether the district court properly granted summary judgment is a question of law which we review de novo on the entire record."

*Krenz v. XTO Energy, Inc.*, 2017 ND 19, ¶ 17, 890 N.W.2d 222 (quoting *Riverwood Commercial Park v. Standard Oil Co.*, 2011 ND 95, ¶ 6, 797 N.W.2d 770). "Summary judgment is inappropriate if neither party is entitled to judgment as a matter of law or if reasonable differences of opinion exist as to the inferences to be drawn from the undisputed facts." *Markgraf v. Welker*, 2015 ND 303, ¶ 10, 873 N.W.2d 26 (quoting *Northern Oil & Gas, Inc. v. Creighton*, 2013 ND 73, ¶ 11, 830 N.W.2d 556). This Court has explained that "[d]eciding an issue on summary judgment is not appropriate if the court must draw inferences or make findings on disputed facts." *Creighton*, at ¶ 20. "The district court may not weigh the evidence, determine credibility, or attempt to discern the truth of the matter when ruling on a motion for summary judgment." *Farmers Union Oil Co. of Garrison v. Smetana*, 2009 ND 74, ¶ 10, 764 N.W.2d 665.

III

[¶8]     Great West argues the district court erred in granting Butler's motion because Great West did not receive an opportunity to assert a claim in the small claims action. Butler argues the claim was properly dismissed and privity exists between Great West and Weinreis. The dispositive issue in this case is whether the small claims action between Weinreis and Butler bars Great West's claims against Butler under the principle of res judicata. Res judicata is an affirmative defense. *See*

3

N.D.R.Civ.P. 8(c).

[¶9] Res judicata describes several doctrines, including merger, bar, collateral estoppel, and preclusion. *Hofsommer v. Hofsommer Excavating, Inc.*, 488 N.W.2d 380, 383 (N.D. 1992). These doctrines promote finality and judicial efficiency by requiring disputes to be resolved through the minimum amount of adjudication. *Id.* Claim preclusion is the doctrine that prohibits relitigation of claims that were raised or could have been raised in a prior action between the same parties or their privies and which was resolved by a previous final judgment. *Mills v. City of Grand Forks*, 2012 ND 56, ¶ 8, 813 N.W.2d 574. Whether res judicata precludes a claim is a question of law, fully reviewable on appeal. *Peacock v. Sundre Twp.*, 372 N.W.2d 877, 879 (N.D. 1985).

[¶10] Under res judicata, only parties or their privies may take advantage or be bound by a previous judgment. *Hofsommer v. Hofsommer Excavating, Inc.*, 488 N.W.2d 380, 384 (N.D. 1992). Generally, privity exists if a person is "so identified in interest with another that he represents the same legal right." *Id.* Fundamental fairness underlies the determination of privity. *Bismarck Public School Dist. No. 1 v. Hirsch*, 136 N.W.2d 449, 453 (N.D. 1965). This Court has stated:

> "The strict rule that a judgment is operative, under the doctrine of res judicata, only in regard to parties and privies, is sometimes expanded to include as parties, or privies, a person who is not technically a party to a judgment, or in privity with him, but who is, nevertheless, connected with it by his interest in the prior litigation and by his right to participate therein, at least where such right is actively exercised by prosecution of the action, employment of counsel, control of the defense, filing of an answer, payment of expenses or costs of the action, the taking of an appeal, or the doing of such other acts as are generally done by parties."

*Stetson v. Investors Oil, Inc.*, 176 N.W.2d 643, 651 (N.D. 1970).

[¶11] The district court dismissed Great West's claim because Great West did not participate or assert claims in the small claims case:

> "Defendant Butler Machinery Company's Motion is, in all things, GRANTED. A Counterclaim was already asserted by Plaintiff's insured in the earlier Small Claims Case. Under well settled North

4

Dakota authority and the relevant North Dakota Rules of Civil Procedure, Plaintiff's additional claim (Counterclaim) for damages should have been brought in the Small Claims Court case. It was not. In fact, Plaintiff had the opportunity to have the Small Claims Court action dismissed without prejudice so that all claims could be asserted in district court, but Plaintiff objected. Plaintiff's request for relief arises out of the same occurrence that has already been adjudicated in Morton County Small Claims Court."

[¶12] Butler chose to pursue a small claims action against Weinreis in his personal capacity and did not sue Bad Habit Trucking for unpaid service work. Great West and Bad Habit Trucking were not parties in the small claims action, and Great West did not participate in any aspects of the litigation. Great West did not control the defense, file answers, pay for costs, or take actions generally reserved for the parties. The record indicates Great West was unaware of the small claims action so that it could have protected its interests by pressing for removal to the district court to pursue monetary amounts exceeding the statutory limits set on small claims actions.

[¶13] The district court used the term "plaintiff" to describe Weinreis, Bad Habit Trucking, and Great West, but the question remains whether privity existed between Great West and Weinreis. The district court labeled Weinreis as the insured party when it granted the motion to dismiss. However, the check from Great West for the loss of the truck was made payable only to Bad Habit Trucking. While an insurance company and its insured are often privies, in this case the district court made findings on a disputed fact when it extended privity from insurance company through the insured limited liability corporation to a member of the corporation. Viewing the evidence in the light most favorable to Great West, a reasonable difference of opinion exists in whether Great West and Weinreis are privies and neither party is entitled to judgment as a matter of law. The district court erred in dismissing Great West's claim. We reverse the order dismissing the action and remand for further proceedings.

IV

[¶14] The district court's judgment of dismissal with prejudice is reversed and the

5

case is remanded for further proceedings.

[¶15]   Daniel J. Crothers
        Jerod E. Tufte
        Jon J. Jensen
        Lisa Fair McEvers
        Gerald W. VandeWalle, C.J.