FILED
IN THE OFFICE OF THE
CLERK OF SUPREME COURT
FEBRUARY 18, 2021
STATE OF NORTH DAKOTA

# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2021 ND 31

Rebecca N. Burr,                                    Plaintiff and Appellant

  v.

North Dakota State Board
of Dental Examiners,                               Defendant and Appellee

## No. 20200219

Appeal from the District Court of Burleigh County, South Central Judicial District, the Honorable Bobbi Brown Weiler, Judge.

AFFIRMED.

Opinion of the Court by Tufte, Justice.

Rebecca N. Burr, self-represented, Las Vegas, Nevada, plaintiff and appellant; submitted on brief.

Matthew A. Sagsveen, Solicitor General, and Carl M. Karpinski, Assistant Attorney General, Office of Attorney General, Bismarck, North Dakota, for defendant and appellee; submitted on brief.

**Tufte, Justice.**

[¶1]   Rebecca Burr appeals from a district court judgment dismissing her complaint against the North Dakota Board of Dental Examiners. On appeal, Burr argues the district court erred in concluding that the Board was entitled to discretionary immunity and in dismissing her complaint for failure to state a claim upon which relief can be granted. We affirm.

I

[¶2]   In mid-2019, Burr filed a complaint with the North Dakota Board of Dental Examiners alleging a dentist previously licensed by the Board committed aggravated assault and permanently maimed her in 1989. Her original complaint to the Board stated that she had reached out to the Board in 1996 by sending a letter outlining some of the same complaints that were in the 2019 formal complaint. The Board responded to Burr's complaint with a formal letter stating that it had determined "there is not a reasonable basis to believe that a violation of NDCC 43-28-18 or the rules promulgated by the Board occurred" and that the matter was dismissed without any action having been taken. In January 2020, Burr served the Office of Management and Budget ("OMB") a notice of claim in the amount of $250,000, alleging that the Board failed to satisfy its legal obligation to investigate her claim "and that the failure to do so caused Ms. Burr further harm, pain and suffering." In February 2020, OMB notified Burr by letter that her claim had been denied. Burr did not pursue an administrative appeal of that decision.

[¶3]   Burr then commenced this action by serving the Board and OMB with a summons and complaint in May 2020. Burr argues that the Board had a statutory duty to investigate her claims, that it breached this duty and acted with gross negligence in failing to investigate her claims, and that this breach of duty caused her harm. The Board subsequently moved for dismissal of the complaint under N.D.R.Civ.P. 12(b) for lack of jurisdiction and failure to state a claim upon which relief can be granted on the grounds that the suit was

barred by quasi-judicial and discretionary immunity. The district court granted the Board's motion to dismiss, finding it lacked jurisdiction, and concluding that the Board was entitled to both quasi-judicial immunity and discretionary immunity.

## II

[¶4]   In *Ramirez v. Walmart* we explained:

> A motion to dismiss under N.D.R.Civ.P. 12(b)(6) tests the legal sufficiency of the claim presented in the complaint. On appeal, we construe the complaint in the light most favorable to the plaintiff and accept as true the well-pleaded allegations in the complaint. This Court will affirm a judgment dismissing a complaint for failure to state a claim under N.D.R.Civ.P. 12(b)(6) if we cannot discern a potential for proof to support it. We review a district court's decision granting a motion to dismiss under N.D.R.Civ.P. 12(b)(6) de novo.

2018 ND 179, ¶ 7, 915 N.W.2d 674 (cleaned up).

## III

## A

[¶5]   Burr argues the district court erred when it concluded it lacked subject matter jurisdiction because she did not serve OMB within 180 days of her having notice of the alleged injury. When a court's subject matter jurisdiction is contested, the court must address that threshold issue before proceeding to the merits. *Franciere v. City of Mandan*, 2019 ND 233, ¶ 12, 932 N.W.2d 907. For the district court to have subject matter jurisdiction, Burr was required to serve notice of her claim on OMB within 180 days of the date she discovered or reasonably should have discovered her injury. N.D.C.C. § 32-12.2-04(1). The district court found the injury asserted by Burr was in 1989 when she was allegedly maimed and assaulted while undergoing dental work. The district court further found that even if the court accepted that Burr did not have full memory of the injury until July 2019, her notice of claim to OMB on January 31, 2020, was beyond the 180 days provided in statute.

2

[¶6]   Although the underlying dental services are featured prominently in Burr's complaint and argument, her claim is deceptively narrow, which led the district court to an erroneous determination of the date of injury. Burr's claim in this suit is that the Board failed in its mandatory duty to investigate her claim, to notify the accused dentist, and to demand a response. Her claimed injuries in this suit include: "It is alleged that the Defendant State Board's refusal to conduct any investigation whatsoever was synonymous with telling Plaintiff that her injury was insignificant, meaningless, and that her life had little or no value, causing her ongoing harm and trauma." The Board denied Burr's complaint without investigation in October 2019. Because Burr's notice of claim was provided to OMB in January 2020, the district court was not deprived of jurisdiction by N.D.C.C. § 32-12.2-04.

B

[¶7]   Burr argues the district court erred in determining the Board was entitled to discretionary immunity. The state and state employees are immune from:

> A claim based upon a decision to exercise or perform or a failure to exercise or perform a discretionary function or duty on the part of the state or its employees, regardless of whether the discretion involved is abused or whether the statute, order, rule, or resolution under which the discretionary function or duty is performed is valid or invalid. Discretionary acts include acts, errors, or omissions in the design of any public project but do not include the drafting of plans and specifications that are provided to a contractor to construct a public project.

N.D.C.C. § 32-12.2-02(3)(b). "The test we apply when determining governmental liability and discretionary acts distinguishes between immune discretionary acts and non-immune ministerial acts." *The Perry Ctr., Inc. v. Heitkamp*, 1998 ND 78, ¶ 29, 576 N.W.2d 505 (citing *Olson v. City of Garrison*, 539 N.W.2d 663, 665 n.3 (N.D. 1995)). "Thus, the discretionary function exception will not apply when a . . . statute, regulation, or policy specifically prescribes a course of action for an employee to follow because 'the employee has no rightful option but to adhere to the directive,' and because 'the

3

government has restricted its own discretion' through the directive." *Olson*, 539 N.W.2d at 666 (citation omitted). "Moreover, the directive must be specific and mandatory as opposed to a general statutory duty." *Id.* (citation omitted). "In examining the nature of the challenged conduct, [the first inquiry a court must consider is] whether the action is a matter of choice for the acting employee." *Id.* (citing *Berkovitz v. United States*, 486 U.S. 531, 536 (1988)).

[¶8]   Burr argues that the Board had two statutory requirements it refused to follow. First she argues that the "Board refused to follow the administrative act requirement of scheduling a preliminary hearing . . . ." For this argument, Burr cites to N.D.C.C. § 28-32-21, which provides the procedures for adjudicative proceedings under the Administrative Agencies Practice Act. Section 43-28-18.2, N.D.C.C., however, controls the procedure for initiation of disciplinary complaints against dentists. "The board shall determine if there is a reasonable basis to believe the dentist engaged in conduct identified as grounds for disciplinary action . . . . If the board determines there is a reasonable basis to believe, the board shall proceed with a disciplinary action in accordance with chapter 28-32." N.D.C.C. § 43-28-18.2(5). The Board exercises an element of choice and judgment in determining whether there is a reasonable basis to believe the dentist engaged in certain conduct and, with that, whether to proceed with disciplinary action under chapter 28-32.

[¶9]   "Even if 'the challenged conduct involves an element of judgment [or choice], [the second inquiry a court must consider is] whether that judgment [or choice] is of the kind that the discretionary function exception was designed to shield.'" *Olson*, 539 N.W.2d at 667 (citing *Berkovitz*, 486 U.S. at 536). "The focus of the inquiry is not on the [government's] subjective intent in exercising the discretion conferred . . . but on the nature of the actions taken and on whether they are susceptible to policy analysis." *Id.* (quoting *United States v. Gaubert*, 499 U.S. 315, 325 (1991)). "The purpose of the discretionary function exception is to 'prevent judicial "second-guessing" of legislative and administrative decisions grounded in social, economic, and political policy through the medium of an action in tort.'" *Id.* (citing *Berkovitz*, 486 U.S. at 536-37). "This inquiry is more difficult to answer because it directly implicates the separation of powers concerns." *Id.*

4

[¶10] The Board is an administrative unit of the executive branch of state government, and its members are appointed by the Governor. N.D.C.C. §§ 28-32-01(2); 43-28-03. The Board has a choice in issuing, suspending, revoking, limiting, canceling, restricting, and reinstating licenses to practice dentistry upon any grounds authorized by chapter 28-32. N.D.C.C. § 43-28-06(3). The Board has a choice whether to proceed with disciplinary actions under chapter 28-32 against a former dentist. "This discretionary-function exception respects the constitutional separation of powers by preventing judicial interference with policymaking of the executive and legislative branches." *Olson*, 539 N.W.2d at 669 (Meschke, Justice, concurring). The Board, as an administrative unit of the executive branch, is responsible for making decisions regarding the licensing and discipline of dentists in this state based on social, economic, and political policy. The district court correctly concluded that the Board was entitled to discretionary immunity for the decision not to proceed with a disciplinary action under chapter 28-32 and, thus, not to hold a hearing.

[¶11] Burr also argues the Board is required to send a copy of her complaint to the accused former dentist and require him to respond, and to create an administrative record that would be the basis for any appeal from the Board's decision. Section 43-28-18.2(1), N.D.C.C., states, "A person may file a written and signed complaint with the board alleging a dentist engaged in conduct identified as grounds for disciplinary action under section 43-28-18." A "dentist" is defined by section 43-28-01(5), N.D.C.C., as "an individual who has a license to practice in this state and who holds a valid biennial certificate of registration." At the time that Burr filed her complaint with the Board, Dr. Vogel was retired and was not a licensed dentist. Whatever requirements the Board may have under chapter 43-28 with regard to a licensed dentist, there are no requirements related to a person no longer licensed to be a dentist. Further, the choice by the Board whether to investigate a complaint against a person no longer licensed to be a dentist is one based in social and economic policy. The district court correctly concluded the Board was entitled to discretionary immunity for the choice not to investigate Burr's complaint.

## IV

[¶12] We affirm.

[¶13] Jon J. Jensen, C.J.
Gerald W. VandeWalle
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte